UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>        Plaintiff,<br><br>-against-<br><br><br>JONATHAN REES, AKA<br>GREG ELLIS, AKA<br>JONNY REES<br><br>        Defendant. | 3:23 CV 1352 (TJM/ML)<br><br>**MOTION FOR LEAVE**<br>**FOR PLAINTIFF TO**<br>**APPEAR ANONYMOUSLY** |

PLEASE TAKE NOTICE that Plaintiff, by and through her undersigned attorneys, Lindsay Lieberman, Esq. and Allison Mahoney, Esq., upon the accompanying Memorandum of Law, the Declaration of Jane Doe dated October 31, 2023, and the exhibit annexed thereto, Plaintiff will move this Court on November 15, 2023 for an Order granting Plaintiff permission to appear anonymously, specifically (1) granting Plaintiff permission to proceed under the pseudonym, "Jane Doe," and (2) directing all parties to refer to Plaintiff as "Jane Doe" in all fillings and not otherwise publicly identify Plaintiff.

                                            Respectfully submitted,

                                            /s/ Lindsay Lieberman
                                            Lindsay Lieberman
                                            Lindsay Lieberman, LLC
                                            PO Box 2575
                                            Newport RI 02840
                                            Tel.: (401) 314-0219
                                            lindsay@lindsaylieberman.com

<u>/s/ Allison Mahoney</u>
Allison Mahoney
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
Tel.: (970) 315-5152
allison@almlawllc.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>Plaintiff,<br><br>-against-<br><br>JONATHAN REES, AKA<br>JONNY REES, AKA<br>GREG ELLIS<br><br>Defendant. | ___CV_____ |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
HER MOTION FOR LEAVE FOR PLAINTIFF TO APPEAR ANONYMOUSLY**

Plaintiff Jane Doe, by and through her attorneys, Lindsay Lieberman, Esq. and Allison Mahoney, Esq., respectfully submits this Memorandum of Law in Support of her Motion for Leave for Plaintiff to Appear Anonymously in this matter.

**PRELIMINARY STATEMENT**

Plaintiff brings this action after enduring Defendant's campaign of extortion, threats, distribution of false and defamatory statements about her, and the distribution of Plaintiff's intimate image without her consent. Importantly, Plaintiff is a private person and Defendant is a public figure with access to a large audience, including his sizable social media following.[1] *See Pl. Compl.*, ECF 1 (Oct. 31, 2023) (hereinafter "Compl.") at ¶ ¶ 16-18.

Within the past two years, Defendant has extorted, attacked, and disparaged Plaintiff. *See id.* at ¶ ¶ 24-53. Defendant has contacted Plaintiff's family members, clients, professional

---
[1] Defendant has more than 65,000 followers on Twitter (now known as X) and 17,000 followers on Instagram. *See Compl.,* at ¶ 18.

associates, and other third parties in an effort to humiliate Plaintiff and blackmail her into communicating with him. *See id.* at ¶ ¶ 31, 32, 34-36, 43, 46 (stating, *inter alia*, that Defendant contacted Plaintiff's daughter by email and falsely accused Plaintiff of committing a litany of crimes, Defendant sent an explicit image of Plaintiff along with a slew of disparaging comments about Plaintiff to Plaintiff's client, and Defendant wrote to Plaintiff's professional associate that she was "a very dangerous individual with 8 aliases"). Defendant has drafted and distributed a retaliatory press release, which included a photograph of Plaintiff's face, that falsely accuses Plaintiff of committing crimes against him and others. *See id.* at ¶ 47. And Defendant has broadcast his intent to reveal Plaintiff's identity to his large social media network. *See id.* at ¶ 53(c). If Plaintiff is required to reveal her real name in this action, Defendant would be able to continue publicly humiliating Plaintiff, which would only expose Plaintiff to significant additional and ongoing harm.

Moreover, Plaintiff has good reason to fear Defendant will publish a story about her in an effort to profit off of her humiliation and attempts to get help. *See id.* at ¶ ¶ 38, 39, 47; *see also* Decl. of Jane Doe at ¶ ¶ 25, 26. Indeed, after Defendant's ex-wife obtained a restraining order against Defendant, Defendant wrote a book, "The Respondent: Exposing the Cartel of Family Law," and he appeared on a television show. *See* Compl. at ¶ 39. Given Defendant's abusive actions towards Plaintiff thus far, she has no reason to believe he would behave any differently in this matter.

Therefore, Plaintiff believes it is necessary that she proceed under a pseudonym, "Jane Doe," in this action, and that Defendant be prohibited from otherwise publicly identifying Plaintiff by filing unredacted images, including photographs and videos, of her.

**FACTUAL BACKGROUND**

Plaintiff and Defendant were in an on-again, off-again intimate relationship from approximately 2016 until September, 2022. *See id.* at ¶ 2; *see also* Decl. of Jane Doe at ¶ 6. In approximately September 2022, Plaintiff ended the relationship and stopped answering Defendant's communications. *See* Compl. at ¶ 25. Plaintiff told Defendant she would not speak to him again and blocked him on several platforms. *See id.* In response, Defendant, desperate to stay in Plaintiff's life, started a cruel campaign of extorting Plaintiff. *See id.* at ¶¶ 26-37, 41-47, 53.

Specifically, Defendant harassed, threatened, stalked, and defamed Plaintiff and disseminated her intimate image to her client without her consent. *See id.* at ¶¶ 24-53. For instance, Defendant threatened to distribute sexually explicit images of Plaintiff, writing to Plaintiff,

> I will post documents, photos, audio, video, on a special website dedicated all about you, and stop at nothing to best you at what you set out to do to me – to ruin my reputation … So keep going [Plaintiff First Name][Plaintiff Maiden Name] … keep avoiding and ignoring me … And you will see who has more to lose … I am just getting started … Unless you communicate with [sic] me it will get way worse …. It ends when you communicate.

*Id.* at ¶ 30. Defendant acted on this threat, sending a nude image of Plaintiff masturbating to Plaintiff's photography client without Plaintiff's consent. *See id.* at ¶¶ 34-35 (the image shows Plaintiff's face, bare breasts and nipples, and her pubic area). As a result of Defendant's actions, Plaintiff has suffered emotional, psychological, mental and financial harm. *See id.* at ¶ 54.

Moreover, Defendant emailed Plaintiff's daughter and falsely accused Plaintiff of committing state and federal crimes and of being a "pathological liar with multiple personalities and an unstable temperament." *Id.* at ¶ 31. He contacted Plaintiff's daughter again three days

later on Whatsapp and Instagram, again making false and disparaging statements about Plaintiff. *See id.* at ¶ 36.

Defendant also contacted Plaintiff's professional associates, clients, publicists, and media outlets, sharing false and harmful information about Plaintiff–all to extort her because she refused to engage with him. For instance, Defendant falsely stated over email to Plaintiff's professional associate that she was "facing multiple felonies in multiple states" and warning that she was "very dangerous." *Id.* at ¶ 46. Defendant also created a fake press release, with Plaintiff's picture and name, comparing Plaintiff to Amber Heard and falsely accusing Plaintiff of engaging in stalking and attacking Defendant, among other false allegations. *See id.* at ¶ 47.

On October 14, 2022, Plaintiff petitioned the Superior Court of California, County of Los Angeles, for a domestic violence restraining order and a temporary order was granted in Plaintiff's favor against Defendant. *See id.* at ¶ 40. The protected parties named in the temporary restraining order included Plaintiff's adult daughter, son in law, and grandson. *See id.* On November 14, 2022, after a hearing, the California court converted the temporary restraining order to a three-year restraining order protecting Plaintiff. *See id.* at ¶ ¶ 48-49. Defendant and his agent, however, continued to harass Plaintiff. *See id.* at ¶ ¶ 43-53.

On October 31, 2023, Plaintiff filed her Complaint in the Northern District of New York seeking injunctive, declaratory, and monetary relief against Defendant for violations of federal privacy laws, 15 U.S.C. §6851; Defendant's disclosure of intimate images pursuant to New York's nonconsensual pornography statutes; intentional infliction of emotional distress; and defamation.

Plaintiff contemporaneously filed the instant Motion for Leave to Appear Anonymously, because she is extremely concerned about being named or identified in this action. *See* Decl. of

Jane Doe at ¶ ¶ 3, 4, 20, 23, 33, 34. Defendant, a public figure, with a history of abusing and publicly humiliating women, has targeted Plaintiff over the past year and has made repeated efforts, marked by significant intensity, to shame, disparage, extort, and mortify Plaintiff. *See* Compl. at ¶ ¶ 24-53; *see also* Decl. of Jane Doe at ¶ ¶ 13, 24-26, 28, 31. Without the protection of anonymity, Defendant will be able to weaponize this proceeding and harm Plaintiff.

## ARGUMENT

Plaintiff is permitted by law to proceed anonymously in this action. Among her claims, Plaintiff brings an action pursuant to 15 U.S.C. § 6851 for Defendant's unlawful disclosure of her intimate images. Section 6851 explicitly allows a plaintiff to proceed anonymously. *See* 15 U.S.C. § 6851(b)(3)(B) (stating,"[i]n ordering relief under subparagraph (A), the court may grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym."). Federal courts across the country have permitted plaintiffs suing under this provision to proceed under a pseudonym. *See*, *e.g.*, *Doe v. Willis*, 23-CV-2171-REB-SBP, 2023 Dist. LEXIS 188787, at *2 (Dist. Colo. Sept. 22, 2023); *see also Doe v. Sultan*, 3:23-CV-00667-FDW-DCK, 2023 U.S. Dist. LEXIS 191853, at *1 (N.C.W.D. Oct. 25, 2023).

Additionally, while Federal Rule of Civil Procedure 10(a) generally requires parties to expressly identify themselves in their respective pleadings, federal courts have "carved out a limited number of exceptions to the general requirement of disclosure . . . , which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant #1*, 537 F3d 185, 189 (2d Cir. 2008). In *Sealed Plaintiff,* the Second Court of Appeals endorsed the Ninth Circuit's balancing test and held that "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *See id*. (vacating the district

court's order that denied plaintiff's application to prosecute her claims under a pseudonym). The Second Circuit elaborated that several non-exhaustive factors should be considered, including:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the … party [seeking to proceed anonymously] or even more critically, to innocent non-parties (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure . . . , (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 190 (internal citations omitted) (internal quotations omitted). Application of these factors to a case rests in the sound discretion of the district court. *See Doe v. Smith*, 1:19-CV-1121 (GLS/DJS), 2019 U.S. Dist. LEXIS 205707, at *3 (N.D.N.Y. Nov. 27, 2019).

Here, nearly all of the relevant factors weigh in favor of granting Plaintiff's request to bring this litigation pseudonymously. **First,** this litigation involves the distribution of a sexually explicit image depicting Plaintiff masturbating. *See* Decl. of Jane Doe at ¶ ¶ 13-14 (noting that Plaintiff was "extremely ashamed" when she discovered Defendant shared the image). The image shows Plaintiff's face, bare breasts and nipples, and her pubic area, making it highly sensitive and personal in nature. *See Doe v. Black*, 23-CV-6418 (JGLC), 2023 U.S. Dist. LEXIS 147645, at *4 (S.D.N.Y. Aug. 18, 2023) (finding a litigation involving sexual assault is "highly

sensitive and of a personal nature"); *see also Doe v. Grace Baptist Church*, 1:21-CV-890 (BKS/DJS), 2022 U.S. Dist. LEXIS 84767, at *7 (N.D.N.Y. May 11, 2022) (holding plaintiff has an interest in anonymity where her allegations involve sexual abuse); *Smith*, 2019 U.S. Dist. LEXIS at *3-4 (finding that a case that "will likely require a detailed discussion of . . . [a] sexual encounter" weighs in favor of permitting a plaintiff to proceed anonymously).

**Second**, identification poses a risk that Plaintiff would suffer retaliatory harm. Indeed, Defendant has waged a cruel campaign against Plaintiff, because she refuses to communicate with him. Defendant has made threats to post sexually explicit images of Plaintiff. *See* Compl. at ¶ 30. And he has acted on those threats, sending at least one explicit image of Plaintiff to her client. *See id.* at ¶ 35. There is no doubt Defendant will seek to further punish Plaintiff for bringing this lawsuit. Indeed, Defendant has already threatened to write a book about her in connection with her recent civil restraining order case. *See* Decl. of Jane Doe at ¶ 26. Moreover, Defendant has harassed Plaintiff's daughter and business associates, so there is a legitimate risk that non-parties will be victimized. *See Compl.* at ¶ ¶ at 31, 32, 34, 35, 36, 43, 45, 46; *see also* Decl. of Jane Doe at ¶ ¶ 28, 29.

**Third,** further dissemination of the content, along with media and social media exposure, and the public's linking of Plaintiff's name to Defendant's bad acts, poses the risk of additional reputational and emotional harm to Plaintiff and is needlessly revictimizing. *See M.A. v. United States Citizen*, 2023 U.S. Dist. LEXIS 123694, at *3-4 (S.D.N.Y. July 18, 2023) (granting plaintiff's motion to proceed anonymously and holding that if plaintiff's identity were revealed it could place him in danger); *see also Smith*, 2019 U.S. Dist. LEXIS 205707, at *4 (finding that cases that risk garnering significant media attention pose a risk of "further reputational harm" to plaintiffs). Here, Defendant engaged in acts of domestic violence and extortion, and his goal is to

humiliate and harm Plaintiff. *See Al Otro Lado, Inc. v. Nielsen*, 2017 U.S. Dist. LEXIS 210401, at *12-15 (Cal. S.D. Dec. 20, 2017) (allowing a plaintiff to proceed anonymously where, among other things, she fled from an abusive ex-boyfriend). Defendant's actions have caused Plaintiff to lose business, have forced her to relocate from her home, and have traumatized Plaintiff. *See* Decl. of Jane Doe at ¶ ¶ 19, 31. Plaintiff cannot sleep and feels hopeless, afraid, and anxious. *See id.* at ¶ 32. If Plaintiff was required to reveal her name, Defendant would be one step closer to reaching his goal.

**Fourth**, while Plaintiff is an adult, Plaintiff's ability to earn money as a photographer depends on her reputation. *See id.* at ¶ ¶ 11, 12. If this case is linked to her, it could impact her ability to work. *See id.* at ¶ 11. Regarding the **fifth** factor, Plaintiff concedes this suit challenges the private actions of Defendant and does not challenge government action.

**Sixth**, Defendant will not be prejudiced if Plaintiff were to appear anonymously. *See Black*, 2023 U.S. Dist. LEXIS at *4; *see also Grace Baptist Church*, 2022 U.S. Dist. LEXIS at *7 (finding defendant would not be prejudiced if plaintiff remained anonymous). The Complaint sets forth the factual basis for Plaintiff's claims in great detail, Defendant knows the identity of the Plaintiff, and Defendant will have no difficulty understanding the allegations, seeking necessary discovery, and defending against Plaintiff's claims.

**Seventh**, to date, while Defendant has defamed Plaintiff widely amongst his and her personal network, he has not, to Plaintiff's knowledge, published her identity on a public platform, such as his social media platforms. *See* Pl. Decl. ¶ 16. Plaintiff's name is not known to the public at large, and she leads a private life. *See id.* at ¶ 9. Moreover, while Plaintiff filed a complaint against Defendant for a civil restraining order in California using her real name, Plaintiff had no other option but to do so. *See id.* at ¶ 22. Plaintiff needed the restraining order

to protect her from Defendant's immediate threatened domestic violence, including the online distribution of her intimate images. *See id*. A domestic violence restraining order that did not name Plaintiff as the protected party would not have been effective to provide her with the immediate protection she needed. *See id*.

As to the **eighth** factor, the public's interest in this litigation is not furthered by knowing the identity of Plaintiff, a private person. While Defendant is a public figure, and there may be public interest in the litigation, the identity of his accuser need not be revealed in order for the public to have access to the necessary and pertinent information. In fact, in this case, Defendant being a public figure more strongly supports the notion that Plaintiff should be permitted to appear as "Jane Doe." Indeed, because of Defendant's public status, this case could draw unwanted and potentially harmful attention to Jane Doe. Defendant has a propensity to publish facts about domestic violence cases brought against him. *See* Compl. at ¶ ¶ 8, 35, 39; *see also* Pl. Decl. at ¶ 24, 25. In fact Defendant has already specifically threatened Plaintiff that he has a "team planning a podcast special and a website" about Jane Doe. *See* Compl. ¶ 8. If Jane Doe's identity is made public it is certain that she, and her children, will be subjected to mental, economic and professional harm by Defendant and Defendant's followers, supporters, fans, and/or agents.

**Ninth**, while the issues presented are not necessarily purely legal, there is a weak public interest in knowing Plaintiff's identity, because she is a private person. And **tenth**, Plaintiff is not aware of any other mechanism to protect her reputation and confidentiality. *See Smith*, 2019 U.S. Dist. LEXIS 205707, at *6 (seeing no alternative way to protect plaintiff and permitting plaintiff to proceed as "Jane Doe").

Here, Plaintiff should be permitted to prosecute this action under a pseudonym. Further, the parties should be prohibited from publishing any unredacted documents that identify Plaintiff by image because such actions would undermine Plaintiff's ability to proceed anonymously.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully asks that the Court grant her Motion for Leave to Appear Anonymously, order that she be permitted to appear as "Jane Doe," prohibit any party from publishing her unredacted image in any Court filings, and any other such relief as this Court deems just and necessary.

Respectfully submitted,

*/s/ Lindsay Lieberman*
Lindsay Lieberman, LLC
Lindsay Lieberman, NYSB #5020466
lindsay@lindsaylieberman.com
P.O. Box 2575
Newport, RI 02840
Tel: (401) 314-0219

*/s/ Allison Mahoney*
ALM Law, LLC
Allison Mahoney, NYSB #5036504
allison@almlawllc.com
43 W. 43rd Street, Ste. 309
New York, NY 10036
Tel: (970) 315-5152