UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　-against-<br><br>JONATHAN REES AKA<br>GREG ELLIS AKA<br>JONNY REES,<br><br>　　　　　Defendant. | 3:23 CV 1352 (TJM/ML)<br><br>**DECLARATION OF JANE DOE** |

I, JANE DOE, hereby declare under penalty of perjury that the foregoing is true and correct:

　　1.　　I am the Plaintiff in the above-captioned case, and I submit this Declaration in support of my request to proceed anonymously, under the pseudonym "Jane Doe" and without any unredacted images of me being permitted in the court filings.

　　2.　　I am an adult, over the age of 18, and I reside in Santa Fe County, New Mexico.

　　3.　　I request the Court permit me to proceed as "Jane Doe" to protect me from experiencing harm to my mental health, reputation, and career.

　　4.　　I also fear that if my identity is revealed, Defendant will attempt to victimize my daughter, son in law, grandsons, professional associates, and clients.

5. My attorneys have told me that the law under which I am bringing this action, 15 U.S.C. § 6851(b)(3)(B), expressly allows for courts to grant injunctive relief maintaining the confidentiality of plaintiffs in cases such as these.

6. As background, Defendant and I were in a relationship, on and off, from approximately 2016 to 2022.

7. When I ended our relationship, Defendant began extorting me in an effort to get me to communicate with him.

8. Defendant is an actor and a public figure with a significant social media following. He has many contacts in the media industry, and he has appeared on numerous podcasts and video interviews, including on Popcorned Planet, which is similar to a tabloid, and The Daily Blast, among others. He also has his own podcast called, The Respondent, where Defendant "works to track down the co-conspirators of men's demise and the secrets to their reclamation."[1]

9. My name is not known to the public at large, and I lead a private life.

10. I am a professional photographer for celebrities, including well known actors and actresses, and fashion brands.

11. It is critical that I maintain a positive reputation in my profession. I am often entrusted with confidential information. I photograph brands' products at a minimum of six to twelve months before they are publicized. Additionally, public relations companies must trust that I will capture their clients in a way the celebrity wants to be portrayed.

---

[1] Apple Podcasts, The Respondent, https://podcasts.apple.com/us/podcast/the-respondent/id1519524161 (last visited Oct. 29, 2023).

12. Many of my clients are referred to me by other clients and publicists. If my reputation is disparaged, and people believed, for instance, that I was a criminal or suffered from serious mental health issues, as Defendant falsely alleges, clients would no longer hire me.

13. Unfortunately, because I refuse to communicate with Defendant, he has repeatedly contacted my clients and professional associates and made false and disparaging statements about me to them. He even sent a sexually explicit image of me masturbating to one person.

14. That sexually explicit image was captured without my knowledge and certainly without my consent. In fact, I had asked Defendant to not take any screenshots of me while we were communicating. The image is incredibly personal, and I was extremely ashamed when I found out Defendant had shared it.

15. Based on Defendant's actions and ongoing threats, I suspect Defendant has shared the image with other people as well.

16. I am constantly anxious that Defendant will continue to share the explicit image of me with others, including on his social media platforms. If my name is associated with that image, I will never be able to escape the abuse, and I will have to relive this trauma repeatedly, likely at the hands of trolls on the Internet.

17. To date, to my knowledge, Defendant has not published my identity on his social media platforms.

18. If my career as a photographer was damaged, and I lost and/or could not get new clients, I would experience harm to my financial wellbeing.

19. In fact, several years ago, in approximately 2017, Defendant had again attacked me and reached out to my clients and professional associates. As a result of Defendant's actions, I lost clients and business.

20. I fear that Defendant will become enraged when I file this lawsuit and will try to punish and humiliate me.

21. After all, he has retaliated against me in the past when I have tried to protect myself. For instance, I filed for a restraining order in California last year, and afterwards, Defendant falsified an email from me and attached it to a court filing in New York.

22. In the California domestic violence case, I needed to file under my real name, because I was seeking a temporary restraining order to obtain immediate protection from threatened domestic violence, including the online distribution of revenge porn, and I needed that order to be enforced by law enforcement, social media companies, and other Internet providers. I am informed and believe that, in California, outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym is only permitted in the rarest of circumstances and requires a hearing on the merits, which would have significantly delayed the process. Even if such an order could have been obtained, I am informed and believe, private companies often do not enforce such orders when they do not name the protected party. As a result, a domestic violence restraining order that did not name me as the protected party would not have been effective to provide me with the immediate protection that I needed.

23. I fear Defendant will use his many media contacts to publicize a twisted version of this lawsuit–along with my name–and will further disparage me in a very public way.

24. This fear is based on what I saw Defendant do to his ex-wife when she turned to the court for help and protection from him. Defendant published a book and shared a distorted version of what happened–he claimed he was the victim, when in reality he was the abuser.

25. This fear is also based on the fact that Defendant has already typed up and published a press release filled with lies about me to humiliate me and hurt my career.

26. Further, Defendant has threatened that he is writing a book about me and the California restraining order case called, "The Petitioner."

27. I have not published anything about this case or otherwise publicly shared information about it.

28. I have a 31-year-old daughter, who has a husband and two sons under the age of three, and they live private lives. Defendant has harassed my daughter, repeatedly sending her false information about me.

29. Defendant even sent a dangerous man to my daughter's home to give her a court document that had nothing to do with her. At the time, my daughter was pregnant with her second baby. The encounter frightened her, and my daughter and her family eventually moved from that home and rented another home. Defendant does not have the address of their new rental. My daughter and her family are innocent non-parties and are in danger.

30. Defendant also does not have my current address, and I am fearful of him discovering it.

31. I had previously dreamt of living in a certain town in New Mexico and pursuing a career in fine art. I purchased a home there in March 2022, but soon after I moved in, Defendant began contacting my professional associates and disparaging my reputation. I eventually moved out of my dream home, because Defendant knows the address, and I am too afraid to live there.

32. The damage Defendant has done to me has been life-altering in other ways as well. I don't sleep, I feel hopeless and afraid, and I experience anxiety.

33. I am scared of Defendant and what he will do after he learns of this lawsuit. He has shown himself to behave in unpredictable, vengeful, and punishing ways.

34. Therefore, I am asking this Court to allow me to proceed anonymously, as "Jane Doe," and to prohibit any party from publishing any unredacted image of me in any filings associated with this case.

Executed on October 31, 2023

_____
Jane Doe