UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE<br><br>                Plaintiff,<br><br>  -against-<br><br><br><br>JONATHAN REES, AKA<br>GREG ELLIS, AKA<br>JONNY REES,<br><br>                Defendant. | 3:23-CV-01352-TJM-ML<br><br>**DECLARATION** |

**DECLARATION OF LINDSAY LIEBERMAN REGARDING STATUS OF SERVICE**

I, Lindsay Lieberman, Esq., declare under penalty of perjury that the foregoing is true and correct:

1. I am counsel for Plaintiff in the above-captioned action and submit this Declaration in response to the Court's December 21, 2023 Order directing Plaintiff to advise the Court as to the status of service upon Defendant in this matter. *See* Order (Dec. 21, 2023), ECF No. 11.

2. At this time, Defendant has been served via alternative service with the Summons, Complaint, Motion for Leave for Plaintiff to Appear Anonymously, Proposed Order, Declaration of Jane Doe in Support of her Motion for Leave to Appear Anonymously, Judicial Case Assignment Form, Joint Civil Case Management Plan Containing Notice of

Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet.

**<u>Service of Process Rules</u>**

3. Pursuant to the Federal Rules of Civil Procedure, a party may serve an individual within a judicial district of the U.S. by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. Pro. 4(e).

4. Further, pursuant to the New York Civil Practice Law and Rules:

    Personal service upon a natural person shall be made by any of the following methods:

    1. by delivering the summons within the state to the person to be served; or

    2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and either by mailing the summons to the person to be served . . .;

    4. where service under paragraphs 1 and 2 cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence . . . , such affixing and mailing to be effected within 20 days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days

of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .

N.Y. C.P.L.R. § 308.

**Plaintiff's Personal Service Attempts and Service via "Nail and Mail"**

5. Plaintiff filed her Complaint on October 31, 2023. *See* Pl. Compl. (October 31, 2023), ECF No. 1.

6. Plaintiff was required to serve Defendant within 60 days of the filing of her Complaint. *See* Gen. Order No. 25 (Oct. 31, 2023), ECF No. 4.

7. Defendant Jonathan Rees' primary residential property, which he owns, is located at 680 State Highway 220, McDonough, NY 13801. *See* ECF No. 1 at ¶ 17; *see also* Ex. A, Record of Deed No. 2022-00000215 (Feb. 11, 2022); *see also* Ex. B, 2023 Final Assessment Roll, Chenango Cnty, *available at* https://www.co.chenango.ny.us/real-property-tax/documents/rolls/2023/final/Smithville.pdf; *see also* Ex. C, Chenango Cnty. Clerk Recording Cover Sheet & Warranty Deed (Dec. 9, 2021), *available at* https://cotthosting.com/nychenango/User/Login.aspx?ReturnUrl=%2fnychenango%2fLandRecords%2fprotected%2fv4%2fSrchName.aspx.

8. Defendant asserted that the McDonough address was his home address in several documents he filed in connection with Plaintiff's California family court case against him, including a retaliatory Chenango County petition for an order of protection against her and a petition for a violation of that order of protection. *See*, *e.g.*, Ex. D, Pg. 1 of Def's Pet. For Violation of an Order of Protection (Nov. 7, 2022) (with Jane Doe's name, the file number, and the case number redacted). All family offense matters pending in Chenango County

against Plaintiff were withdrawn and dismissed. *See* Ex. E., Order of Dismissal (March 3, 2023) (with Jane Doe's name, the file number, and the case number redacted).

9. More recently, on August 9, 2023, Defendant was granted an order of protection in an unrelated New York criminal court matter that specifically protects him at his home, listed as 680 State Highway 220, Smithville, NY 13841. *See* Ex. F, Order of Protection (August 9, 2023). Both "McDonough" and "Smithville" are used interchangeably for the town in which Defendant's residence is located. *See*, *e.g.*, Ex. B (rent roll for the town of Smithville but which lists Defendant's home as located in McDonough).

10. On December 8th at 4:06 p.m., December 11th at 7:25 p.m., and December 12th at 6:51 a.m., a process server, who was over the age of 18 and not a party to the action, attempted to serve Defendant with the Summons, Complaint, Motion for Leave to Appear Anonymously, Declaration of Jane Doe, Proposed Order, Judicial Case Assignment Form, Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, and the Civil Cover Sheet at 680 State Highway 220, McDonough, NY. The process server was unable to locate the Defendant or a person of suitable age and discretion during these service attempts. *See* Aff. of Service (Dec. 13, 2023, 2023), ECF No. 9.

11. Three attempts at personal service on different dates and at different times constituted diligent efforts to effectuate personal service. *See Gardner v. Lefkowitz*, 737. Fed. Appx. 597, 597 (N.D.N.Y. 2018) (finding plaintiff was permitted to use "nail and mail" service after making three personal service attempts on different dates and times).

12. Because personal service could not be made with due diligence, on December 12, 2023, a process server, who was over the age of 18 and not a party to the action, affixed the

foregoing documents to the Defendant's door at 680 State Highway 220, McDonough, NY. *See id.* Plaintiff filed this Affidavit of Service on December 13, 2023. *See id.*

13. On December 13, 2023, a process server, who was over the age of 18 and not a party to the action, mailed the aforementioned documents to Defendant at 680 State Highway 220, McDonough, NY via First Class mail. *See* Aff. of Mailing (Dec. 13, 2023, 2023), ECF No. 10. Plaintiff filed this Affidavit of Mailing on December 13, 2023. *See id.*

14. Therefore, because Plaintiff was unable to personally serve Defendant, despite diligent efforts to do so, she was permitted to use "nail and mail" service.

15. Plaintiff satisfied New York's "nail and mail" requirements under N.Y. C.P.L.R. § 308.

16. As such, within ten days of Plaintiff's December 13th filings of the process servers' affidavit of mailing of the documents and affidavit of service by affixing them to the door of Defendant's residence—or on December 23, 2023—service was complete.

### Plaintiff's Prior Personal Service Attempts

17. Plaintiff had also made eight personal service attempts prior to these December service attempts (including seven attempts at Defendant's McDonough residence and one attempt at Broome County Family Court, at a date and time when Defendant was scheduled to appear on another matter),[1] but these service packages did not include the Judicial Case

---

[1] On November 4th at 1:16 p.m., November 7th at 3:55 p.m., November 9th at 11:10 a.m., and November 10th at 10:36 p.m., four members of the Chenango County Sheriff's Office attempted but were unable to effectuate service at Defendant's home at 680 Highway 220, McDonough NY 13801. *See* Aff. of Non-Service (Nov. 16, 2023), ECF No. 8. On November 8, 2023, a process server, who was over the age of 18 and not a party to the action, attempted service of Defendant at the Broome County Family Court, where Defendant was scheduled to appear in another action. The process server was unable to effectuate service because the Defendant appeared virtually and his attorney, Chris Brown, who was present in the courthouse, refused to accept the documents. *See* Aff. of Non-Service (Nov. 9, 2023), ECF No. 7. On November 24th at 2:49 pm, November 25th at 10:33 a.m., and November 27th at 7:19 p.m., a process server, who was over the age of 18 and not a party to the action, attempted to serve Defendant with the Summons, Complaint, Motion for Leave to Appear Anonymously, Declaration of Jane Doe and Proposed Order at 680 State

Assignment Form, Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge, as required by the Local Rules of the District Court for the Northern District of New York. *See* N.D.N.Y. Local R. 4.1. Therefore, out of an abundance of caution, Plaintiff hired a process server to make additional personal service attempts in December 2023.

18. A paralegal associated with ALM Law, LLC, who is also representing Plaintiff, also emailed the Summons, Complaint, Motion for Leave to Appear Anonymously, Declaration of Jane Doe, Proposed Order, and an acknowledgment of receipt of those documents to Chris Brown, Esq., and to seven email addresses associated with Defendant on November 15, 2023 and November 28, 2023. *See* Aff. of Tiera Brown (Nov. 28, 2023, 2023), ECF Nos. 6, 6-1. The paralegal also mailed the aforementioned documents via First Class mail, along with a return envelope with pre-paid postage, to Defendant at his McDonough, New York address. Again, however, the Judicial Case Assignment Form, Joint Civil Case Management Plan Containing Notice of Initial Pretrial Conference, Notice and Consent Form to Proceed Before a U.S. Magistrate Judge were absent from this service package.

19. Defendant never returned the acknowledgement form to counsel for Plaintiff or otherwise acknowledged service of the documents.

## Conclusion

20. As a result of Plaintiff's numerous unsuccessful efforts to personally serve Defendant, and Plaintiff's satisfaction of service via "nail and mail," an alternate form of service permitted

---

Highway 220, McDonough, NY. The process server was unable to locate the Defendant or a person of suitable age and discretion during these service attempts. *See* Aff. of Non-Service (Nov. 28, 2023), ECF No. 5.

when a party cannot effectuate personal service despite her diligent efforts to do so, Plaintiff asks this Court to deem service on Defendant complete, as of December 23, 2023.

Executed on December 29, 2023

*/s/ Lindsay Lieberman*
Lindsay Lieberman, LLC
Lindsay Lieberman, NYSB #5020466
lindsay@lindsaylieberman.com
P.O. Box 2575
Newport, RI 02840
Tel: (401) 314-0219