UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JANE DOE,                                                       3:23 CV 1352 (TJM/ML)

                     Plaintiff,

                                                                       CONFIDENTIALITY
                                                                       STIPULATION AND
                                                                       PROPOSED PROTECTIVE
                                                                       ORDER

     -against-

JONATHAN REES, AKA
GREG ELLIS, AKA
JONNY REES

                     Defendant.
-------------------------------------------------------------------X

        WHEREAS Plaintiff and Defendant (collectively the "Parties" and individually a "Party"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

        ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with the pre-trial phase of this action.

1.         **Definitions**. As used in this Order:

        a.         "Action" refers to the above-captioned litigation.

        b.         "Discovery Material" includes all information exchanged between the Parties, whether gathered through informal requests or communications between the Parties or their counsel or gathered through formal discovery conducted pursuant to the Federal Rules of Civil Procedure ("Rule" or "Rules") 30 through 36 and 45. Discovery Material includes information within documents, depositions,

    deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a).

  c. A "Producing Party" is a Party to this litigation, or a non-party either acting on a Party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces Discovery Material in this Action.

  d. A "Receiving Party" is a Party to this litigation that receives Discovery Material from a Producing Party in this Action.

2. **Confidential Discovery Material**. This Protective Order applies to all Confidential Discovery Material produced or obtained in this case. For the purposes of this Protective Order, Confidential Discovery Material shall include, but not be limited to:

  a. Information or items which tend to reveal the identities of Plaintiff herein, including but not limited to Plaintiff's name, image, birthday, address, telephone number, email address, company names, employees, clients, and the identities of her family members and their birthdays, addresses, telephone numbers, and email addresses.

  b. Medical and mental health records of any individual.

  c. Sexual, nude, intimate, naked, and still or video images of the Parties. (Disclosure of these materials is further limited by paragraph 9 below.)

4. **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Discovery Material produced in this Action.

  a. For documentary information (defined to include paper or electronic documents,

        but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

    b.    If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by using highlighting, underlining, or appropriate markings in the margins).

    c.    If it is not feasible to label confidential Discovery Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is confidential.

    d.    At the time of a deposition or within 10 days after receipt of the deposition transcript, a Party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph 2 above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter.

5.    **Timing of Confidential Designation.**

    a.    Except as otherwise stipulated or ordered, or where discovery is made available for inspection before it is formally disclosed, Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or produced.

    b.    If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed confidential. After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this order.

6.    **Qualified Recipients**. For the purposes of this Protective Order, the persons authorized to receive Confidential Discovery Material (hereinafter "Qualified Recipient") are:

    a.    The Parties;

    b.    Legal counsel representing the Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel.

    c.    Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

    d.    Any mediator or arbitrator retained by the Parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

    e.    Court reporters for depositions taken in this Action, including persons operating

    video recording equipment and persons preparing transcripts of testimony;

 f. The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors; and

 g. Any auditor or regulator of a Party entitled to review the Confidential Discovery Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes.

7. **Dissemination by the Receiving Party**.

 a. Before receiving Confidential Discovery Material, each Qualified Recipient who is not included in Sections 5(a) and (b) above, shall: (i) review and agree to the terms of this Protective Order and (ii) sign and execute a copy of the Confidentiality and Non-disclosure Agreement attached hereto as Exhibit A.

 b. The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the Court even if the person receiving the information fails or refuses to sign the Exhibit A Agreement.

8. **Limitations on Use**. Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Nothing herein prevents disclosure beyond the terms of this Protective Order if the Party claiming confidentiality consents in writing to such disclosure.

9. **Confidential Discovery Material – Attorneys' Eyes Only.** A Producing Party may mark Discovery Material that the Producing Party deems especially sensitive as "CONFIDENTIAL – ATTORNEY EYES ONLY."

 a. Sexual, nude, intimate, naked depiction, still or video images of the Parties

whether online or printed out, on any platform, in any format shall be marked "CONFIDENTIAL – ATTORNEY EYES ONLY."

b. Discovery Material that is marked as "CONFIDENTIAL - ATTORNEY EYES ONLY" may be disclosed by the Receiving Party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: (a) counsel for the Receiving Party; (b) supporting personnel employed by counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; (c) experts or consultants; and (d) individuals to whom counsel for the Producing Party agrees the material may be disclosed.

c. A Producing Party shall affix a "CONFIDENTIAL – ATTORNEY EYES ONLY" designation to any confidential Discovery Material produced in this Action, in accordance with the manner of designation described in paragraph 4.

10. **Docket Filings**. A Party seeking to file documents containing Confidential Discovery Material under seal must comply with Local Rule 5.3.

11. **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the Parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The Party that designated Discovery Material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" bears the burden of proving it was properly designated. The Party challenging a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" designation

must obtain a court order before disseminating the information to anyone other than Qualified Recipients or recipients described in paragraph 9(b).

12. **Use at Court Hearings and Trial**. Subject to the Federal Rules of Evidence, Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY EYES ONLY" may be offered and received into evidence at trial or at any hearing or oral argument. A Party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any Party may move the Court for an order that Discovery Material designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY EYES ONLY" be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

13. **Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each Party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEY EYES ONLY." The destroying Party shall notify the Producing Party when destruction under this provision is complete. If a Party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEY EYES ONLY," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this Action, and it shall be binding on the Parties and their legal counsel in the future.

14. **Modification**. This Protective Order is entered without prejudice to the right of any Party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental

7

Protective Order of the Court.

15. **Additional Parties to Litigation**. In the event additional Parties are joined in this Action, they shall not have access to Discovery Material as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEY EYES ONLY" until the newly joined Party, by its counsel, has executed and, at the request of any Party, filed with the Court, its agreement to be fully bound by this Protective Order.

16. **Inadvertent Disclosure of Protected Discovery Material**. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any Party's claims of confidentiality. If at any time prior to trial, a Producing Party realizes that some portion(s) of the Discovery Material that the Party produced should be designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEY EYES ONLY" the Party may so designate by apprising all Parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

17. **Jurisdiction**. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

**LINDSAY LIEBERMAN, LLC**
**ALM LAW, LLC**
*Attorneys for Plaintiff*

By: */s/ Lindsay Lieberman*
Lindsay Lieberman
Lindsay Lieberman, LLC
P.O. Box 2575
Newport, RI 02840
 (401) 314-0219

**LIPPES MATHIAS LLP**
*Attorneys for Defendant*

By: */s/Kirstie A. Means*
Kirstie A. Means

*/s/Dennis C. Vacco*
Dennis C. Vacco
50 Fountain Plaza
Suite 1700

lindsay@lindsaylieberman.com

By: /s/ Allison Mahoney
Allison Mahoney
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
(970) 315-5152
allison@almlawllc.com

Buffalo, New York 14202
(716) 853-5100
kmeans@lippes.com
dvacco@lippes.com

IT IS SO ORDERED:

_____
Miroslav Lovric
U.S. Magistrate Judge

Dated: __February 29, 2024__
       Binghamton, NY