

advocating for survivors

May 30, 2024

**Sent via CM/ECF**
Honorable Miroslav Lovric
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

**Re:    Doe v. Rees, Case No. 23-cv-1352-TJM-ML**

Dear Judge Lovric,

    We represent Plaintiff Jane Doe in the above-captioned matter and are writing regarding outstanding discovery disputes. Specifically, Plaintiff seeks to make a motion (1) to compel Defendant to turn over relevant discovery and (2) for sanctions against Defendant for his concealment of discovery and his untruthful responses to Plaintiff's discovery requests. Defendant has also been unwilling to agree to an ESI protocol, which is further frustrating Plaintiff's discovery efforts.

    The parties conferred on April 30th, May 16th, and May 23rd regarding these issues but have been unable to reach a resolution.[1]

## Background

    At issue are Defendant's responses to Plaintiff's First Request for Production of Documents (hereinafter, "First RFP"), which Plaintiff served on Defendant on February 26, 2024, and Defendant's responses to Plaintiff's Amended First Request for Interrogatories (hereinafter "First Interrogatories"), which Plaintiff served on Defendant on March 6, 2024.

    The First RFP contained 19 separate document requests. Defendant responded on March 27, 2024, asserting boilerplate objections to every request, and he produced only one responsive document. *See* Ex. 1, Def. Resp. to First RFP. To date, that is all Defendant has produced in response to Plaintiff's First RFP. Additionally, Plaintiff's First Interrogatories contained seven interrogatories. Defendant's responses to the First Interrogatories are, in some instances incomplete, and, in others, appear to be false and/or misleading. *See* Ex. 2, Def. Resp. to First Interrogatories.

---

[1] Counsel for Defendant indicated on May 16th and 23rd that they would be unable to address the discovery issues, given the fact that they will be seeking leave to withdraw as counsel for Defendant.

On May 10th, counsel for Plaintiff sent counsel for Defendant two letters addressing the deficiencies. *See* Ex. 3, Letter (regarding First RFP) from ALM Law, Counsel for Pl., to Kirstie A. Means, Counsel for Def. (May 10, 2024); Ex. 4, Letter (regarding First Interrogatories) from ALM Law, Counsel for Pl., to Kirstie A. Means, Counsel for Def. (May 10, 2024).

Counsel for Plaintiff had a telephone call with counsel for Defendant on April 30th to discuss the aforementioned deficiency letters. On that date, counsel for Defendant stated they would begin a "rolling production" of additional responsive documents to Plaintiff's First RFP in May. (To date, this has not occurred.) Counsel for Defendant also indicated—for the first time—that they were delayed in producing documents, because the parties likely needed an ESI protocol. Counsel for Plaintiff asked why this was only being raised now—months after the First RFP was served—but counsel for Defendant did not have a good response. Notably, counsel for Plaintiff had asked counsel for Defendant as early as February 5, 2024 if they would like to discuss an ESI protocol, but they did not request a meeting. *See* Ex. 5, E-mail from Lindsay Lieberman, Counsel for Pl., to Kirstie Means and Dennis Vacco, Counsel for Def. (Feb. 5, 2024, 4:39 EST). Ultimately, counsel for Plaintiff agreed to draft an ESI protocol. Counsel for Defendant also stated they delayed producing responsive documents, because Plaintiff submitted several third-party discovery requests, and because Plaintiff is likely in possession of some records, including communications with Defendant. Counsel for Plaintiff pointed out that Defendant is still obligated to respond to discovery requests, regardless of the status of third-party subpoenas, and that Defendant claimed in his response to Plaintiff's First Interrogatories that he was hacked. Therefore, it is necessary for Defendant to produce communications between him and Plaintiff—otherwise Plaintiff has no way of knowing which communications were sent by the alleged hackers.

During the same call, counsel for Plaintiff told counsel for Defendant that we were concerned that Defendant was concealing evidence and providing false answers in response to Plaintiff's First Interrogatories. After hearing a couple of examples, opposing counsel indicated she would speak to Defendant and would try to respond by the end of the following week.

The following day, on May 1, 2024, counsel for Plaintiff sent counsel for Defendant a proposed ESI protocol. Two weeks later, on May 15th, counsel for Defendant sent back the ESI protocol with minor edits. The next day, counsel for Plaintiff indicated we had no objections to those edits and inquired if we had permission to add counsel for Defendant's signature to the ESI protocol and file it with the Court. Counsel for Defendant never gave permission to file the ESI protocol.

Further, on May 15th counsel for Defendant indicated via email that they hoped to provide a supplemental discovery production by the following week. That again never occurred.

On May 16th, counsel again had a telephone call to discuss the discovery issues. Opposing counsel indicated they will be seeking to withdraw from the case and that they are unable to file an ESI protocol. To date, Defendant has not provided any additional edits to the ESI protocol and is seemingly refusing to agree to any ESI protocol with Plaintiff. As such, a significant portion of discovery has remained at a standstill. Counsel for Defendant also volunteered that they have reminded Defendant of his obligation to preserve evidence.

On May 21st, opposing counsel emailed counsel for Plaintiff and stated, ". . . Mr. Rees has confirmed corrections to his prior discovery responses are required, and we have attempted to resolve outstanding issues relative to ESI." Ex. 6, E-mail from Kirstie Means, Counsel for Def., to Allison Mahoney, Counsel for Pl. (May 21, 2024, 8:22 EDT). No corrections have been made thus far.

On May 23rd, opposing counsel again reiterated that they would be seeking to withdraw and that they, therefore, could not participate in addressing the discovery issues.

## **Plaintiff's Motion to Compel**

The Court should grant an order compelling Defendant to produce documents responsive to Plaintiff's First RFP, specifically, documents responsive to request numbers 1-11 and 13-19. Plaintiff also respectfully asks this Court to approve an ESI protocol.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevancy is broadly construed "'to encompass any matter that bears on, or that reasonably could leave to other matter[s] that could bear on, any issue that is or may be in the case.'" *Gunning v. N.Y. State Justice Ctr. For the Prot. Of People with Special Needs*, No. 1:19-CV-1446, 2022 U.S. Dist. LEXIS 45981, at *39 (N.D.N.Y. Mar. 15, 2022) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A party opposing discovery on the grounds of relevancy must "demonstrate that the requested documents either do not come within the broad scope of relevance . . . or else are of such marginal relevance that the potential harm occasioned by disclosure would outweigh the ordinary presumption in favor of broad disclosure." *Riverkeeper, Inc. v. Coeymans Recycling Ctr. LLC*, 2024 U.S. Dist. LEXIS 53302, at *2 (N.D.N.Y. Mar. 26, 2024) (internal quotations and citations omitted).

The Federal Rules of Civil Procedure permit a party to "move for an order compelling . . . discovery." Fed. R. Civ. Pro. 37(a)(1). This is allowed if "a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Id. at (a)(3)(B)(iv). "Motions to compel made pursuant to Rule 37 are entrusted to the sound discretion of the district court." *Id.* (internal quotations and citations omitted).

Here, requests 1-11 and 13-19 in Plaintiff's First RFP seek information that is relevant to the subject matter of the action:

- **Request No. 1** seeks, "All Communications and Documents sent by Defendant to Plaintiff." Plaintiff has alleged, among other things, that Defendant engaged in outrageous conduct causing her emotional distress, that he threatened her, coerced her, and extorted her. Moreover, Defendant is asserting some of his accounts were hacked. Therefore, understanding which communications and documents were sent by Defendant, as opposed to alleged hackers, is highly relevant to this matter.
- **Request No. 2** seeks, "All Communications and Documents sent by Defendant to any member of Plaintiff's family, including but not limited to Plaintiff's children." Among other allegations, Plaintiff has asserted that Defendant sent her daughter a barrage of derogatory and defamatory communications about Plaintiff.
- **Request No. 3** seeks, "All Communications and Documents sent by Defendant to third parties that referred to or were otherwise about Plaintiff." Plaintiff has alleged that Defendant made defamatory and derogatory remarks about her to third parties, including, but not limited to, in a press release. She also has alleged that Defendant distributed a private, intimate image of her to at least one third party without her consent.
- **Request No. 4** seeks, "All Communications and Documents sent by Defendant to third parties that included or referred to an Intimate Image of Plaintiff, including but not limited to the Communication, Documents, and Intimate Image referenced in Paragraph 8 of the Complaint in this Action, from April 1, 2016 to present. (*See* ECF No. 1.)" This discovery goes to the heart of Plaintiff's allegations that Defendant distributed her private, intimate image without her permission to third parties.
- **Request No. 5** seeks, "All Communications and Documents posted by Defendant on Social Media Sites which refer to Plaintiff; the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. ▮▮▮▮▮); and/or the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. ▮▮▮▮▮▮)." Again, Plaintiff has alleged that Defendant made defamatory and derogatory remarks about her to third parties. She also has alleged that Defendant distributed a private, intimate image of her to at least one third party without her consent.
- **Request No. 6** seeks, "All Documents and Communications showing Defendant's efforts to intimidate third party witnesses in connection with the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. ▮▮▮▮▮)." Plaintiff has alleged, among other things, that Defendant engaged in outrageous conduct causing her emotional distress, that he threatened her, coerced her, and extorted her.
- **Request No. 7** seeks, "All Documents and Communications between Defendant and Matthias Wesner regarding Defendant's efforts to serve a temporary restraining order on Plaintiff, including through her family members, that Defendant obtained in connection with the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. ▮▮▮

4

▮▮▮▮▮▮▮▮▮▮▮▮▮▮)." Additionally, **Request No. 8** seeks, "All Documents and Communications between Defendant and Matthias Wesner sufficient to show payments Defendant made to (i) Matthias Wesner or (ii) any entities for which Matthias Wesner works or has an ownership interest." These requests are relevant because Plaintiff alleged in her Complaint that Defendant sent his associate to serve her daughter in Texas with a retaliatory protection order he obtained against Plaintiff in New York. *See* Pl. Compl., ECF 1 at ¶ 45.

- **Request No. 9** seeks, "All Documents and Communications regarding the press release referred to in Paragraph 47 of the Complaint in this Action, ECF No. 1, including but not limited to Documents and Communications sent to third parties about the press release, all versions of the press release, and publications of the press release online or on Social Media Sites and the identifying information for those publications and Social Media Sites." This discovery goes directly to allegations in Plaintiff's Complaint regarding Defendant's efforts to defame and abuse her.

- **Request No. 10** seeks, "All Documents and Communications sufficient to show the identity and meaning of the term 'the Copycat,'" and **Request No. 11** seeks, "All Documents and Communications sufficient to show Defendant's engagement of, hiring, contracting, enlisting the services of, or paying Up Fire Digital regarding any content created, including but not limited to for Social Media Sites, regarding Plaintiff or which include reference to 'the Copycat.'" Plaintiff alleged in her Complaint that Defendant created and shared a fake press release about Plaintiff, entitled, "Amber Heard's Copycat," in an effort to defame and disparage her. *See* ECF 1 at ¶¶ 94-95.

- **Request No. 13** seeks, "All Documents and Communications sufficient to show (1) Defendant's ownership of 680 State Hwy 220, McDonough, New York 13801, including the entity through which he purchased and owned the property; (2) details regarding Defendant's 2023 sale of the property, including when and where it was listed, to whom it was sold, when it was sold, and the sale price; (3) whether Defendant had a mortgage on the property at the time of the sale, and, if so, the amount of the outstanding mortgage; and (4) the bank accounts into which Defendant initially deposited the funds he received as a result of that 2023 sale." Further, **Request No. 14** seeks, "All Documents and Communications sufficient to show (1) how Defendant spent, transferred, converted, or gifted the proceeds of the 2023 sale of 680 State Hwy 220, McDonough, New York 13801, and (2) if any of the aforementioned proceeds are still in Defendant's possession, including in the possession of any legal entities to which Defendant has a financial interest or of which he is a beneficiary, the location of those proceeds." Here, this discovery is relevant because Plaintiff fears Defendant sold this property to conceal his assets. Further, Defendant's financial information is relevant in cases where a plaintiff seeks punitive damages. *See Acosta v. Neurological Care P.C.*, 17-CV-3931, 2018 U.S. Dist. LEXIS 32760, at *4 (E.D.N.Y. Feb. 28, 2018) (explaining "federal courts generally have concluded that financial information is discoverable before a finding of liability giving rise to punitive damages . . ." (internal citations and quotations omitted)).

- **Request No. 15** seeks, "All Documents and Communications sufficient to show any limited liability companies, S-corporations, limited liability partnerships, trusts, or other legal entities in which Defendant is a member or beneficiary." **Request No. 16** seeks, "All Documents and Communications sufficient to show whether Defendant, either individually or as a member of beneficiary of a legal entity, currently owns or otherwise has a financial investment in real estate." And **Request No. 17** seeks, "All Documents sufficient to show Defendant's income, including any royalties, for the past three years, from January 1, 2021 to December 31, 2023." These requests are relevant because Plaintiff believes Defendant is misrepresenting his financial situation. Further, Defendant's financial information is relevant in cases where a plaintiff seeks punitive damages. *See id.*
- **Request No. 18** seeks, "All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Transportation Security Administration ("TSA") regarding Plaintiff. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the TSA regarding Plaintiff." Plaintiff alleged in her Complaint that Defendant falsely flagged her as a potential danger to TSA. *See* ECF 1 at ¶ 53(a).
- **Request No. 19** seeks, "All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Internal Revenue Service ("IRS") regarding Plaintiff or any of Plaintiff's businesses. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the IRS regarding Plaintiff or any of Plaintiff's businesses." This is also relevant as Plaintiff alleged Defendant filed a false complaint about her with the IRS. Again, Plaintiff has reason to believe Defendant is withholding responsive communications and documents. *See id.* at ¶ 53(d).

Counsel for Defendant has repeatedly stated Defendant will produce additional discovery, but he has failed to do so. Further, Defendant has claimed he has no responsive documents or communications in response to Request Nos. 5, 6, 8, 9, 10, 11, 18, and 19. *See* Ex. 1. Plaintiff has good reason to doubt the veracity of this assertion. For instance, regarding Request No. 18, Plaintiff produced a record to Defendant, which showed that someone made a report about Plaintiff to TSA, and in that report, the person cited the New York protection order matter Defendant had filed against Plaintiff and used disparaging language about Plaintiff consistent with that used by Defendant in other instances.

Defendant's unwillingness to agree to an ESI protocol further frustrates Plaintiff's discovery efforts and leaves her without the ability to obtain critical discovery.

Lastly, Defendant has failed to adequately respond to **Interrogatory Nos. 1 and 6**. Defendant provided an incomplete answer to Interrogatory No. 1, which counsel for Plaintiff raised in their May 10th deficiency letter as well as during the April 30th telephone call with opposing counsel. *See* Ex. 4. Defendant has also refused to respond to Interrogatory No. 6, which seeks his current email address. This is relevant, as Defendant

is alleged to have sent numerous harassing, disparaging, and defamatory communications about Plaintiff to third parties.

Given the relevancy of Plaintiff's discovery requests and Defendant's lack of a response, an order from the Court compelling Defendant to produce documents and communications responsive to the aforementioned discovery request is warranted. Additionally, Plaintiff asks this Court order that the ESI protocol, containing the provisions counsel had agreed to as of May 16th, be put in place.

### **Plaintiff's Motion for Sanctions**

Plaintiff further asks that the Court sanction Defendant for concealing relevant evidence and for providing false responses to Plaintiff's discovery requests. "Even in the absence of a discovery order, a court may impose sanctions for misconduct during discovery through [its] inherent power to manage its affairs." *Interscope Records v. Barbosa*, 05-CV-5864, 2006 U.S. Dist. LEXIS 94210, at *8-9 (E.D.N.Y. Dec. 19, 2006) (ordering monetary sanctions where defendant "intentionally concealed discoverable information"). District courts have "broad discretion in imposing sanctions." *Id.* at *6.

Here, Defendant's responses to **Interrogatory Nos. 2, 3, 4, 5, and 7** appeared to be untruthful. *See* Ex. 4 (explaining why the responses appear to be false). Counsel for Plaintiff alerted Defendant of these issues, including the possibility that Plaintiff will seek sanctions, in their May 10th deficiency letters as well as during the April 30th telephone call with opposing counsel. Despite this, Defendant has failed to respond in writing to the deficiency letters or otherwise resolve the cited discovery issues despite having ample opportunity to do so. *See Interscope Records*, 2006 U.S. Dist. LEXIS at *7 (ordering sanctions where defendant was on notice that plaintiffs intended to seek sanctions, because plaintiffs advised the court and defendant of their intention to seek sanctions).

As such, Plaintiff respectfully asks this Court to impose monetary sanctions and any other sanctions the Court deems appropriate.

### **Conclusion**

Plaintiff, by and through her counsel, has made diligent efforts to resolve the aforementioned discovery issues. But Defendant has continued to delay providing responsive documents and communications and has failed to make the promised corrections to his discovery responses. As such, an order compelling Defendant to produce responsive documents, approving an ESI protocol, and sanctioning Defendant for concealing evidence and submitting false responses is warranted.

We appreciate the Court's consideration in this matter.

                Sincerely,

                **Allison Mahoney, LLC**

                */s/ Allison Mahoney*
                Allison Mahoney, Esq.
                Founder & Managing Attorney
                allison@almlawllc.com

Encls.:

Ex. 1, Def. Resp. to First RFP
Ex. 2, Def. Resp. to First Interrogatories
Ex. 3, Letter (regarding First RFP) from ALM Law, Counsel for Pl., to Kirstie A. Means, Counsel for Def. (May 10, 2024)
Ex. 4, Letter (regarding First Interrogatories) from ALM Law, Counsel for Pl., to Kirstie A. Means, Counsel for Def. (May 10, 2024).
Ex. 5, E-mail from Lindsay Lieberman, Counsel for Pl., to Kirstie Means and Dennis Vacco, Counsel for Def. (Feb. 5, 2024, 4:39 EST)
Ex. 6, E-mail from Kirstie Means, Counsel for Def., to Allison Mahoney, Counsel for Pl. (May 21, 2024, 8:22 EDT)

## PROOF OF SERVICE

I declare under penalty of perjury that on May 30, 2024, I served the foregoing *Letter* via CM/ECF upon the below recipients:

LIPPES MATHIAS LLP
*Attorneys for Defendant*
Kirstie A. Means
Dennis C. Vacco, Esq.
Scott S. Allen Jr., Esq.
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
kmeans@lippes.com
dvacco@lippes.com
sallen@lippes.com

Date: May 30, 2024                               */s/ Casey Kasher*
                                                 Casey Kasher
                                                 Paralegal
                                                 ALM Law, LLC