# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**JANE DOE,**

    Plaintiff,

  v.            Case No. 3:23-CV-1352 (TJM/ML)

**JONATHAN REES, AKA
GREG ELLIS, AKA
JONNY REES,**

    Defendant.

---

### DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Jonathan Rees a/k/a Greg Ellis a/k/a Jonny Rees ("Defendant") by and through his attorneys Lippes Mathias LLP, hereby provides his responses and objections to Plaintiff Jane Doe's ("Plaintiff") First Request for Production of Documents (collectively, "Requests" and individually, "Request"). These responses are made solely for the purpose of, and in relation to, this action. Defendant has not yet completed his investigation and analysis of the alleged facts relating to this lawsuit, has not yet completed discovery in this action, and has not yet completed preparation for trial. Defendant's responses are based upon present knowledge, information, and belief. Consequently, the following responses are given without prejudice to Defendant producing evidence of any subsequently discovered or assimilated facts, and Defendant reserves the right to modify or supplement these responses as appropriate. All responses must be construed as given on the basis of present knowledge and recollection. The preceding information is incorporated into each of the following responses as if set forth in full.

## **GENERAL OBJECTIONS**

1. Defendant objects to the Requests to the extent that they purport to impose obligations greater than required by the applicable statute, Federal Rules, Local Rules, Pre-trial Orders or agreement of counsel.

2. Defendant objects to the Requests to the extent that they seek information and/or documents that are not relevant to the claims and defenses in this matter and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. Defendant objects to the Requests to the extent that they seek information and/or production of documents that are protected from disclosure by the attorney/client privilege, the work-production doctrine, the privilege and/or doctrine protecting matters prepared in anticipation/preparation of litigation and/or trial and/or any other applicable privilege or protection.

4. Defendant objects to the Requests to the extent that they require Defendant to produce documents that are no longer in his possession, custody or control.

5. Defendant objects to the Requests to the extent they seek information more readily available to Plaintiff, her attorneys or agents or from public sources.

6. Defendant objects to the Requests to the extent they purport to require the production of "all" or "every" document(s) related in any way to certain matters or to identify "all" or "every" person(s) or document(s) related in any way to certain matters, on the grounds that such requirements are over broad, vague, unduly burdensome, and beyond the scope of permissible discovery under the Federal and Local Rules.

7. Defendant objects to the Requests to the extent they are duplicative or seek information already in the possession of Plaintiff, her attorney and/or agents.

8. Defendant objects to the Requests to the extent they seek disclosure of the mental impressions of counsel. All documents and things produced may be responsive to a request, but Defendant objects to any characterization of relevance or the reliance of Defendant on such documents and things.

9. Defendant objects to the Requests to the extent they are vague or incorporate confusing definitions. Accordingly, Defendant responds to the Requests based upon his understanding of the terms used and reserves the right to clarify, amend and/or supplement these responses as necessary.

10. Defendant objects to the Requests to the extent Plaintiff seeks production of all electronically stored information that is not relevant to the claims and is not proportional to the needs of the case.

11. Defendant objects to the requests to the extent they use language incorporating or calling for a legal conclusion or misstate the applicable law.

12. Defendant objects to these requests to the extent that any Request is not subject to reasonable date limitations.

13. Defendant states that, in the responses below, materials "under his possession and/or control" shall be construed to mean materials which they have located.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1

All Communications and Documents sent by Defendant to Plaintiff.

**RESPONSE**: Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit, is not proportional to the needs of the lawsuit and is vague and overly broad. Specifically, all documents and communications sent by Defendant to Plaintiff, without any substantive limitation, is overbroad and will include the disclosure of documents and communications that have no bearing on this lawsuit and spanning a period of years.  Further, Plaintiff is in possession of communications and documents sent to Plaintiff. Notwithstanding the foregoing objections, documents and communications responsive to this Request, to the extent they remain in Defendant's possession, will be produced to the extent they relate to the facts underlying the causes of action asserted in the Complaint.

### REQUEST FOR PRODUCTION NO. 2

All Communications and Documents sent by Defendant to any member of Plaintiff's family, including but not limited to Plaintiff's children.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit and not proportional to the needs of the lawsuit. Specifically, all documents and communications sent by Defendant to any member of Plaintiff's family, without any substantive limitation, is overbroad and will include the disclosure of documents and communications that have no bearing on this lawsuit. Notwithstanding the foregoing objections, documents and communications responsive to this

Request, to the extent they remain in Defendant's possession, will be produced to the extent they relate to the facts underlying the causes of action asserted in the Complaint.

**REQUEST FOR PRODUCTION NO. 3**

All Communications and Documents sent by Defendant to third parties that referred to or were otherwise about Plaintiff.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit, is not proportional to the needs of the lawsuit, and is vague and overly broad. Specifically, all documents and communications sent by Defendant to third parties that referred to or were otherwise about Plaintiff, without any substantive limitation, is overbroad and will include the disclosure of documents and communications that have no bearing on this lawsuit. Notwithstanding the foregoing objections, documents and communications responsive to this Request, to the extent they remain in Defendant's possession, will be produced to the extent they relate to the facts underlying the causes of action asserted in the Complaint.

**REQUEST FOR PRODUCTION NO. 4**

All Communications and Documents sent by Defendant to third parties that included or referred to an Intimate Image of Plaintiff, including but not limited to Communication, Documents, and Intimate Image referenced in Paragraph 8 of the Complaint in this Action, from April 1, 2016 to present.

**RESPONSE**: Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside of the allegations made in the Complaint which is limited to allegations occurring in 2022. Defendant further objects to this Request because it assumes

facts not in evidence and is argumentative. Without waiver of these objections, Defendant will produce the extent of documents and communications in his possession potentially responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**

All Communications and Documents posted by Defendant on Social Media Sites which refer to Plaintiff; the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. XXXXXXX); and/or the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. XXXXXXXXXXXX).

**RESPONSE**: Defendant objects to this Request because it assumes facts not in evidence and is argumentative. Defendant further objects as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit, and as vague and overly broad, particularly with respect to postings merely referring to Plaintiff. Defendant further objects to the extent it seeks publicly available information. Notwithstanding the foregoing objections, Defendant is not in possession of materials responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6**

All Documents and Communications showing Defendant's efforts to intimidate third party witnesses in connection with the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. XXXXXXX).

**RESPONSE**: Defendant objects to this Request because it assumes facts not in evidence and is argumentative. Without waiver of these objections, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7**

All Documents and Communications between Defendant and Matthias Wesner regarding Defendant's efforts to serve a temporary restraining order on Plaintiff, including through her family members, that Defendant obtained in connection with the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. ▨▨▨▨▨▨▨▨▨▨▨).

**RESPONSE:** Defendant objects to this Request because it assumes facts not in evidence. Without waiver of the foregoing objection, produced herewith is a document reflecting service identified as REES0001 to the extent the same is deemed responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**

All Documents and Communications between Defendant and Matthias Wesner sufficient to show payments Defendant made to (i) Matthias Wesner or (ii) any entities for which Matthias Wesner works or has an ownership interest.

**RESPONSE:** Defendant objects to this Request because it assumes facts not in evidence. Without waiver of the foregoing objection, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9**

All Documents and Communications regarding the press release referred to in Paragraph 47 of the Complaint in this Action, ECF No. 1, including but not limited to Documents and Communications sent to third parties about the press release, all versions of the press release, and publications of the press release online or on Social Media Sites and the identifying information for those publications and Social Media Sites.

**RESPONSE:** Defendant objects to this Request because it assumes facts not in

evidence. Defendant further objects to this Request to the extent it seeks documents or communications outside of his possession and/or should be directed at unnamed third parties other than this Defendant. Without waiver of the foregoing objections, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 10**

All Documents and Communications sufficient to show the identity and meaning of the term "the Copycat."

**RESPONSE:** Defendant objects to this Request because it assumes facts not in evidence. Defendant further objects to this Request to the extent it seeks documents or communications outside of his possession and/or should be directed at unnamed third parties other than this Defendant. Without waiver of the foregoing objections, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 11**

All Documents and Communications sufficient to show Defendant's engagement of, hiring, contracting, enlisting the services of, or paying Up Fire Digital regarding any content created, including but not limited to for Social Media Sites, regarding Plaintiff or which include reference to "the Copycat."

**RESPONSE:** Defendant objects to this Request because it assumes facts not in evidence. Defendant further objects to this Request to the extent it seeks documents or communications outside of his possession and/or should be directed at unnamed third parties other than this Defendant. Without waiver of the foregoing objections, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 12**

All Documents and Communications sufficient to show Defendant's current address and state in which he resides, including but not limited to Defendant's driver's license.

**RESPONSE**: Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit. Defendant further objects on the grounds that he maintains a privacy interest in his residential address and that disclosure of the same will subject him to unnecessary risk. Defendant further objects because Defendant should be contacted by and through his counsel of record, Lippes Mathias LLP. Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 13**

All Documents and Communications sufficient to show (1) Defendant's ownership of 680 State Hwy 220, McDonough, New York 13801, including the entity through which he purchased and owned the property; (2) details regarding Defendant's 2023 sale of the property, including when and where it was listed, to whom it was sold, when it was sold, and the sale price; (3) whether Defendant had a mortgage on the property at the time of the sale, and, if so, the amount of the outstanding mortgage; and (4) the bank accounts into which Defendant initially deposited the funds he received as a result of that 2023 sale.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit. Defendant further objects on the grounds that he maintains a privacy interest in his financial information. Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 14**

All Documents and Communications sufficient to show (1) how Defendant spent, transferred, converted, or gifted the proceeds of the 2023 sale of 680 State Hwy 220, McDonough, New York 13801, and (2) if any of the aforementioned proceeds are still in Defendant's possession, including in the possession of any legal entities to which Defendant has a financial interest or of which he is a beneficiary, the location of those proceeds.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit.  Defendant further objects on the grounds that he maintains a privacy interest in his financial information.  Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 15**

All Documents and Communications sufficient to show any limited liability companies, S-corporations, limited liability partnerships, trusts, or other legal entities in which Defendant is a member or beneficiary.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit.  Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 16**

All Documents and Communications sufficient to show whether Defendant, either individually or as a member of beneficiary of a legal entity, currently owns or otherwise has a financial investment in real estate.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1)

because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit. Defendant further objects on the grounds that he maintains a privacy interest in his financial information. Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 17**

All Documents sufficient to show Defendant's income, including any royalties, for the past three years, from January 1, 2021 to December 31, 2023.

**RESPONSE:** Defendant objects to this Request as outside the scope of Rule 26(b)(1) because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit. Defendant further objects on the grounds that he maintains a privacy interest in his financial information. Defendant objects to producing documents or communications in response to this Request.

**REQUEST FOR PRODUCTION NO. 18**

All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Transportation Security Administration ("TSA") regarding Plaintiff. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the TSA regarding Plaintiff.

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Without waiver of the foregoing objections, Defendant is not in possession of documents or communications responsive to this Request.

**REQUEST FOR PRODUCTION NO. 19**

All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Internal Revenue Service ("IRS") regarding Plaintiff or any

of Plaintiff's businesses. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the IRS regarding Plaintiff or any of Plaintiff's businesses.

**RESPONSE:** Defendant objects to this Request to the extent it assumes facts not in evidence. Without waiver of the foregoing objections, Defendant is not in possession of documents or communications responsive to this Request.

DATED:   Buffalo, New York
         March 27, 2024

                                         Respectfully Submitted,

                                         **LIPPES MATHIAS LLP**

                                         *s/Kirstie A. Means*
                                         Dennis C. Vacco, Esq.
                                         Kirstie A. Means, Esq.
                                         50 Fountain Plaza, Suite 1700
                                         Buffalo, New York 14202
                                         (716) 853-5100
                                         dvacco@lippes.com
                                         kmeans@lippes.com