# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                P<small>LAINTIFF</small>,

          v.                                        C<small>ASE</small> N<small>O</small>. 3:23-CV-1352 (TJM/ML)

JONATHAN REES, AKA
GREG ELLIS, AKA
JONNY REES,

                D<small>EFENDANT</small>.

---

## DEFENDANT'S RESPONSE TO PLAINTIFF'S AMENDED FIRST REQUEST FOR INTERROGATORIES

Defendant, Jonathan Rees, a/k/a Greg Ellis, a/k/a Jonny Rees (hereinafter "Defendant"), by his attorneys, Lippes Mathias LLP, for a response to Plaintiff, Jane Doe's ("hereinafter "Plaintiff") Amended First Request for Interrogatories, states as follows:

### GENERAL OBJECTIONS

The following general objections apply to all of the requests contained in the Interrogatories (the "Interrogatories"), irrespective of whether the general objections are expressly referred to in the specific responses. The specific objections are intended to amplify the general objections, and neither limit the applicability of any of the general objections nor waive any objections which may be applicable to each request.

    1.    Defendant objects to the Interrogatories to the extent they seek information outside the scope of discovery permitted under the Federal Rules of Civil Procedure and seek to impose obligations in excess of those required thereunder, the local rules, and/or applicable case law.

2. Defendant objects to the Interrogatories to the extent they are vague and use undefined and ambiguous terms.

3. Defendant objects to the Interrogatories to the extent they lack specificity and fail to describe each requested item and category with reasonable particularity.

4. Defendant objects to the Interrogatories to the extent they seek information that is not relevant or material to the subject matter of the pending action, and that is not reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant objects to the Interrogatories to the extent that they seek to identify documents that do not exist or seek the creation of documents.

6. Defendant objects to the Interrogatories to the extent that they seek information already in Plaintiff's possession, information available in the public domain, information previously produced, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

7. By responding to the Interrogatories, Defendant does not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections whatsoever as to the documents, responses or information contained in or accompanying these responses. In addition, Defendant specifically reserves his right to challenge the competency, relevancy, materiality and admissibility of such information in any proceeding, hearing, motion or trial in this or any other action.

8. Defendant reserves his right to supplement or modify his responses to the Interrogatories at any time up to and including the time of trial.

# RESPONSES

1. Identify every Person (other than Plaintiff) to whom You sent, shared, or showed an Intimate Image of Plaintiff; the dates on which You sent, shared, or showed the Intimate Image(s) of Plaintiff to any third parties; and the means by which You sent and/or otherwise showed said Intimate Image(s), including the email addresses, Social Media Site account names, and/or telephone numbers by which You sent, shared, or showed the Intimate Image of Plaintiff.

**RESPONSE: Defendant objects to this interrogatory as improper to the extent it seeks a legal conclusion with respect to Plaintiff's defined term "Intimate Image". Subject to and without waiver of the foregoing objection, Defendant sent an image of Plaintiff to ⨯⨯⨯⨯⨯⨯⨯ via email to ⨯⨯⨯⨯⨯⨯⨯⨯⨯⨯com on October 11, 2022.**

2. Identify the nature, method, and substance of any Communications You exchanged with Matthias Wesner Concerning Plaintiff and her daughter that led to Mr. Wesner going to Plaintiff's daughter's house in Texas to give Plaintiff's daughter the New York Order of Protection You had received against Plaintiff. *See* Pl. Compl., ECF 1 (Oct. 31, 2023) at ¶ 45.

**RESPONSE: Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiver of the foregoing objection, Defendant denies the allegations set forth in this interrogatory and is not in possession of information responsive to this request.**

3. Identify who You were referring to as the "Copycat" in Your Communications, including the press release with the title, "Amber Heard's Copycat." *Id.* at ¶ 47.

**RESPONSE: Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiver of the foregoing objection, Defendant denies**

the allegations set forth in this interrogatory and is not in possession of information responsive to this request.

4. Identify each Person who was involved in creating the press release with the title, "Amber Heard's Copycat," and the nature of each Person's respective role in the creation of the Document. *See id.*

RESPONSE: Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiver of the foregoing objection, Defendant denies the allegations set forth in this interrogatory and is not in possession of information responsive to this request.

5. Identify all the recipients of the press release You created, distributed, threatened to distribute, and/or instructed others to distribute. *See id.* and the Sixth Cause of Action.

RESPONSE: Defendant objects to this interrogatory because it assumes facts not in evidence. Subject to and without waiver of the foregoing objection, Defendant denies the allegations set forth in this interrogatory and is not in possession of information responsive to this request.

6. Identify all email addresses and Social Media Site accounts, including, but not limited to, usernames and handles, You have owned, operated, used, or instructed a third party to use to send Communications on Your behalf since September 2022.

RESPONSE: Defendant objects to this request because it assumes facts not in evidence with respect to the suggestion that Defendant "instructed a third party to use" any email addresses and/or social media accounts. Defendant further states, upon information and belief, that certain of the accounts below were compromised as a result of

**hacking. Defendant further objects to supplying his current email address due to continued concerns of harassment and on the grounds that disclosure of the same is irrelevant and outside the scope of the allegations in this lawsuit. Subject to and without waiver of the foregoing objections, Defendant identifies the following email addresses and social media accounts:**

- **Instagram: @realgregellis @wolfcrownewyork**
- **X: @ellisgreg @therespondent**
- **YouTube: The Respondent**
- **Email: gregellistv@mac.com, casatq@me.com casatq@icloud.com alivecoaching@icloud.com, greg@therespondent.com, reesjonny@icloud.com**

7. Identify when you began marketing (including, but not limited to, through any off-market listings) your property located at 680 State Hwy 220, McDonough, NY 13801.

RESPONSE: Defendant objects to this interrogatory because it assumes facts not in evidence. Defendant further objects to the term "marketing" as vague and ambiguous. Subject to and without waiver of the foregoing objection, Defendant denies the allegations set forth in this interrogatory and is not in possession of information responsive to this request.

DATED:   Buffalo, New York
         April 5, 2024

                                            **LIPPES MATHIAS LLP**

                                            *s/ Kirstie A. Means*
                                            Dennis C. Vacco, Esq.
                                            Kirstie A. Means, Esq.
                                            50 Fountain Plaza, Suite 1700
                                            Buffalo, New York 14202
                                            (716) 853-5100
                                            dvacco@lippes.com
                                            kmeans@lippes.com