# EXHIBIT 3



advocating for survivors

May 10, 2024

**Sent via email**
Kirstie A. Means
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

Re:   *Jane Doe v. Jonathan Rees, a.k.a. Greg Ellis, a.k.a. Jonny Rees*, 3:23-CV-1352
      **Defendant's Response to Plaintiffs' First Request for Production of Documents**

Counsel:

We are writing to address a number of deficiencies in Defendant's response to Plaintiff's First Request for Production of Documents (hereinafter, "RFP"). Plaintiff served the First RFP, which contained 19 separate document requests, on Defendant on February 26, 2024. Defendant responded on March 27, 2024, and produced only one responsive document. To date, that is all Defendant has produced in response to Plaintiff's First RFP.

On April 30th, we spoke with you over the telephone regarding numerous deficiencies in Defendant's responses to Plaintiff's discovery requests. During that conversation, you indicated that you needed to speak with your client about producing additional documents and that you expect to begin a "rolling production" in May. You further indicated that your client had not produced responsive documents, because you thought the parties may need an ESI protocol. When pressed as to why this was only coming up now—*over two months after Plaintiff served her First RFP*—you had no legitimate explanation for the delay. In response, counsel for Plaintiff sent counsel for Defendant a proposed ESI protocol the following day. We have yet to receive a response from any of Defendant's three attorneys regarding that protocol.

Further, during the aforementioned telephone call, you explained—for the first time—that Defendant was not responding to discovery requests because Plaintiff had issued third party subpoenas. Yet, Defendant failed to explain anywhere in his responses to Plaintiff's First RFP or in any other communication to counsel for Plaintiff that he was withholding potentially responsive documents because of the third-party subpoenas. Moreover, as we indicated on our call, the third parties all objected to our subpoenas (with the exception of Verizon, who has not yet responded), and we recently withdrew Plaintiff's subpoena to Meta.

Lastly, you claimed that Defendant need not provide responsive documents because they are also in Plaintiff's possession. While that may typically be true, in this case is it not a sound basis for withholding responsive documents. Indeed, Defendant is claiming he was hacked. As such, it is imperative that he respond to Plaintiff's discovery requests relating to information that

*Defendant sent*, even if that information might also be in Plaintiff's possession so that Plaintiff understands which communications Defendant claims were sent by the "hacker" and which were sent by him.

Plaintiff's specific concerns regarding Defendant's deficient responses to her First RFP are detailed below.

**General Objections**

**No. 7:** **Defendant objects to "requests to the extent they are duplicative or seek information already in the possession of Plaintiff, her attorney and/or agents."**

Because Defendant is claiming he was hacked, it is critical that Defendant produce responsive communications and documents to Plaintiff's discovery requests relating to information that *Defendant sent*, even if that information might also be in Plaintiff's possession.

**No. 13:** **"Defendant states that, in the responses below, materials 'under his possession and/or control' shall be construed to mean materials which they have located."**

Plaintiff objects to this construction of communications and documents under Defendant's "possession and/or control." First, it is unclear who "they" refers to at the end of the sentence. Second, Defendant is obligated to do more than a cursory search for relevant records, and he cannot claim he does not have responsive records simply because he did not bother to look for them. Therefore, Plaintiff demands that Defendant produce all responsive communications and documents in his custody or control, not merely the communications and documents he's located.

**Specific Objections**

1. **All Communications and Documents sent by Defendant to Plaintiff.**

    a. Defendant objects to this request, claiming it is overbroad and that it will include documents and communications that will have no bearing on this lawsuit and spanning years. Defendant further states that the documents and communications were sent to Plaintiff.

    Plaintiff's request is not overbroad in that her request is time limited, and only applies to communications and documents from September 6, 2021, to present. Further, in Defendant's response to Plaintiff's First Set of Interrogatories, No. 6, Defendant asserts that some of his social media and email accounts "were compromised as result of hacking." Therefore, it does not matter if the requested communications and documents are also in Plaintiff's possession, as she has no way of determining which communications and documents were sent by alleged hackers as opposed to Defendant unless Defendant responds to her discovery requests.

    b. Defendant additionally states that he will produce responsive documents and communications.

2

> To date, over two months after Plaintiff served Defendant with her First RFP, Defendant has not produced *any* responsive communications or documents.

2. **All Communications and Documents sent by Defendant to any member of Plaintiff's family, including but not limited to Plaintiff's children.**

    a. Defendant objects on the grounds that "all documents and communications sent by Defendant to any member of Plaintiff's family, without any substantive limitation, is overbroad and will include the disclosure of documents and communications that have no bearing on this lawsuit."

        This request is not overbroad. First, Plaintiff's request is limited to communications and documents from September 6, 2021, to present. Additionally, Defendant only knew and interacted with a few members of Plaintiff's family.

    b. Defendant additionally states that he will produce responsive documents and communications.

        To date, over two months after Plaintiff served Defendant with her First RFP, Defendant has not produced *any* responsive communications or documents.

3. **All Communications and Documents sent by Defendant to third parties that referred to or were otherwise about Plaintiff.**

    a. Defendant objects on the grounds that "all documents and communications sent by Defendant to third parties that referred to or were otherwise about Plaintiff, without any substantive limitation, is overbroad and will include the disclosure of documents and communications that have no bearing on this lawsuit."

        This request is not overbroad. First, Plaintiff's request is limited to communications and documents from September 6, 2021, to present. Further, Plaintiff alleged in her Complaint that (1) she and Defendant broke up in September 2022, and (2) Defendant disseminated defamatory and abusive information about her to third parties. *See* Pl. Compl., ECF 1 (Oct. 30, 2023) at ¶¶ 2, 5-11, 29-32, 34-36, 46-48, 53.

    b. Defendant additionally states that he will produce responsive documents and communications.

        To date, over two months after Plaintiff served Defendant with her First RFP, Defendant has not produced *any* responsive communications or documents.

4. **All Communications and Documents sent by Defendant to third parties that included or referred to an Intimate Image of Plaintiff, including but not limited to the Communication, Documents, and Intimate Image referenced in Paragraph 8 of the Complaint in this Action, from April 1, 2016 to present. (*See* ECF No. 1.)**

a. Defendant objects to this request on the grounds that it seeks information outside the allegations made in the Complaint, it assumes facts not in evidence, and is argumentative.

   Plaintiff alleged in her Complaint that she dated Defendant from 2016 to September 2022, and that Defendant abused her for years. *See id.* at ¶¶ 2-13, 23-54. Plaintiff cites Paragraph 8 of her Complaint in this request, which focuses on a specific date when Defendant allegedly shared her intimate image with a specific recipient. Plaintiff further alleged in her Complaint that Defendant threatened to disparage her to third parties and threatened to send her intimate image to third parties. Plaintiff has no way of knowing what disparaging and/or abusive information Defendant shared with third parties, as she was not included in those communications. Therefore, this request is neither overbroad nor argumentative.

b. Defendant additionally states that he will produce responsive documents and communications.

   To date, over two months after Plaintiff served Defendant with her First RFP, Defendant has not produced *any* responsive communications or documents.

5. **All Communications and Documents posted by Defendant on Social Media Sites which refer to Plaintiff; the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. ▆▆▆▆▆▆▆); and/or the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. ▆▆▆▆▆▆▆▆▆▆▆▆).**

   a. Defendant objects to this request on the grounds that "it assumes facts not in evidence and is argumentative. Defendant further objects . . . because it seeks information outside the allegations made in the Complaint and irrelevant to the claims and defenses in this lawsuit, and as vague and overly broad, particularly with respect to postings merely referring to Plaintiff. Defendant further objects to the extent it seeks publicly available information."

   This request seeks information directly related to allegations in Plaintiff's Complaint and is limited to communications and documents from September 6, 2021, to present. Plaintiff also has no way of knowing what disparaging or abusive information Defendant shared about her on all his social media platforms, including in private messages or on his private accounts, if any exist. Therefore, it would be impossible for Plaintiff to craft a narrower request without the risk of failing to capture critical discovery.

6. **All Documents and Communications showing Defendant's efforts to intimidate third party witnesses in connection with the County of Los Angeles, California Superior Court matter involving Plaintiff and Defendant (No. ▆▆▆▆▆▆).**

   a. Defendant objects that this request assumes facts not in evidence and is argumentative. Defendant additionally states that he will produce responsive documents and communications.

   Plaintiff's request is not argumentative and was worded so as to narrow the scope of the request. Plaintiff has reason to believe Defendant is withholding responsive communications and documents, including discovery that alludes to threats that Defendant will disparage at least one third party witness in the same way he disparaged Plaintiff. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

7. **All Documents and Communications between Defendant and Matthias Wesner regarding Defendant's efforts to serve a temporary restraining order on Plaintiff, including through her family members, that Defendant obtained in connection with the County of Chenango, New York Family Court matter involving Plaintiff and Defendant (Docket Nos. ███████████).**

   a. In response to this request, Defendant produced one document, which indicated that Plaintiff was served with Defendant's New York temporary order of protection.

   Defendant has failed to produce *any* emails, text messages, or other communications between Defendant and Matthias Wesner. On April 22, 2024, Plaintiff produced a Ring video of Matthias Wesner serving Defendant's temporary protection order on Plaintiff's daughter. No one but Defendant or Defendant's agents would have arranged this. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

8. **All Documents and Communications between Defendant and Matthias Wesner sufficient to show payments Defendant made to (i) Matthias Wesner or (ii) any entities for which Matthias Wesner works or has an ownership interest.**

   a. Defendant claims he has no responsive communications or documents to this request.

   Again, for the reasons cited in the preceding paragraph, Plaintiff has strong reasons to question the veracity of Defendant's response to this request.

9. **All Documents and Communications regarding the press release referred to in Paragraph 47 of the Complaint in this Action, ECF No. 1, including but not limited to Documents and Communications sent to third parties about the press release, all versions of the press release, and publications of the press release online or on Social Media Sites and the identifying information for those publications and Social Media Sites.**

    a. Defendant objects to this request on the grounds that it assumes facts not in evidence, and it seeks documents of communications outside his possession and should be directed at third parties.

    Plaintiff is seeking communications and documents in Defendant's custody or control. Further, as indicated in the instructions that accompanied Plaintiff's First RFP, if Defendant believes a person or entity might have custody or control of a document, Defendant is obligated to identify that person or entity whom he believes might have custody or control of the documents. Defendant has failed to do this.

    b. Defendant claims he has no responsive communications or documents to this request.

    Plaintiff has reason to believe Defendant is withholding responsive communications and documents. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

**10. All Documents and Communications sufficient to show the identity and meaning of the term "the Copycat."**

    a. Defendant objects to this request on the grounds that it assumes facts not in evidence, and it seeks documents of communications outside his possession and should be directed at third parties.

    Plaintiff is seeking communications and documents in Defendant's custody or control. Further, as indicated in the instructions that accompanied Plaintiff's First RFP, if Defendant believes a person or entity might have custody or control of a document, Defendant is obligated to identify that person or entity whom he believes might have custody or control of the documents. Defendant has failed to do this.

    b. Defendant claims he has no responsive communications or documents to this request.

    Plaintiff has reason to believe Defendant is withholding responsive communications and documents. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery. Indeed, counsel for Plaintiff read specific social media posts Defendant wrote referencing the "copycat" during our April 30th telephone call, which suggest Defendant not only knows the identity of the "copycat" but also coined the term.

**11. All Documents and Communications sufficient to show Defendant's engagement of, hiring, contracting, enlisting the services of, or paying Up Fire Digital regarding any content created, including but not limited to for Social Media Sites, regarding Plaintiff or which include reference to "the Copycat."**

    a. Defendant objects to this request on the grounds that it assumes facts not in evidence, and it seeks documents of communications outside his possession and should be directed at third parties.

       Plaintiff is seeking communications and documents in Defendant's custody or control. Further, as indicated in the instructions that accompanied Plaintiff's First RFP, if Defendant believes a person or entity might have custody or control of a document, Defendant is obligated to identify that person or entity whom he believes might have custody or control of the documents. Defendant has failed to do this.

    b. Defendant claims he has no responsive communications or documents to this request.

       Plaintiff has reason to believe Defendant is withholding responsive communications and documents. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

13. **All Documents and Communications sufficient to show (1) Defendant's ownership of 680 State Hwy 220, McDonough, New York 13801, including the entity through which he purchased and owned the property; (2) details regarding Defendant's 2023 sale of the property, including when and where it was listed, to whom it was sold, when it was sold, and the sale price; (3) whether Defendant had a mortgage on the property at the time of the sale, and, if so, the amount of the outstanding mortgage; and (4) the bank accounts into which Defendant initially deposited the funds he received as a result of that 2023 sale.**

    **AND**

14. **All Documents and Communications sufficient to show (1) how Defendant spent, transferred, converted, or gifted the proceeds of the 2023 sale of 680 State Hwy 220, McDonough, New York 13801, and (2) if any of the aforementioned proceeds are still in Defendant's possession, including in the possession of any legal entities to which Defendant has a financial interest or of which he is a beneficiary, the location of those proceeds.**

    a. Defendant objects to Requests 13 and 14 as outside the scope of Rule 26(b)(1) and on the grounds that he maintains a privacy interest in his financial information.

    b. Counsel for Defendant has indicated Defendant is interest in settling this matter but has also stated Defendant has virtually no funds left after he sold the McDonough property for nearly $1,000,000 in December 2023. As we've explained, Plaintiff has serious concerns that Defendant is hiding his assets. If he truly has no funds left, it will advance settlement negotiations if Defendant offers proof of that

assertion. Otherwise, Defendant risks leaving the parties in a gridlock, and Plaintiff will have no choice but to litigate this matter to trial.

15. **All Documents and Communications sufficient to show any limited liability companies, S-corporations, limited liability partnerships, trusts, or other legal entities in which Defendant is a member or beneficiary.**

    **AND**

16. **All Documents and Communications sufficient to show whether Defendant, either individually or as a member of beneficiary of a legal entity, currently owns or otherwise has a financial investment in real estate.**

    **AND**

17. **All Documents sufficient to show Defendant's income, including any royalties, for the past three years, from January 1, 2021 to December 31, 2023.**

    a. Defendant objects to Requests 15, 16, and 17 as outside the scope of Rule 26(b)(1) and to Requests 16 and 17 on the grounds that he maintains a privacy interest in his financial information.

    Again, counsel for Defendant has indicated Defendant is interest in settling this matter but is on the brink of being judgment proof. Plaintiff has serious concerns that Defendant is hiding his assets. If he has no funds, it will advance settlement negotiations if Defendant offers proof of that assertion. Otherwise, Plaintiff will have no choice but to litigate this matter to trial.

18. **All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Transportation Security Administration ("TSA") regarding Plaintiff. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the TSA regarding Plaintiff.**

    a. Defendant objects that this request assumes facts not in evidence, and he claims he has no responsive communications or documents.

    Plaintiff has reason to believe Defendant is withholding responsive communications and documents. For instance, Plaintiff produced TSA records (*see* Bates No. DOE0095-DOE0101) that indicate Defendant reported her to TSA. Indeed, those records refer to Defendant's retaliatory Chenango County protection order matter, and state, "The reason that I'm contacting you is because I'm concerned that this individual may [sic] flying to New York, where I live. There is an active Order of Protection against her ████████. She is a dangerous individual with multiple aliases . . . ." (Bates No. DOE0095). Concealing

responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

19. **All Documents and Communications sufficient to show any reports Defendant made, or contact Defendant had with, the Internal Revenue Service ("IRS") regarding Plaintiff or any of Plaintiff's businesses. This request includes any Documents and Communications showing that Defendant instructed or asked third parties to make reports or otherwise contact the IRS regarding Plaintiff or any of Plaintiff's businesses.**

   a. Defendant objects that this request assumes facts not in evidence, and he claims he has no responsive communications or documents.

   Plaintiff has reason to believe Defendant is withholding responsive communications and documents. Concealing responsive discovery is sanctionable, and Plaintiff will seek Court intervention if Defendant continues to refuse to produce responsive discovery.

Plaintiff demands the Defendant immediately address the aforementioned deficiencies and begin producing responsive documents. Further, if counsel for Defendant is now refusing to provide discovery until an ESI protocol is in place, we ask that someone from Defendant's legal team respond to us by **close of business on May 15, 2024,** with any proposed revisions. Moreover, for any requests that Defendant objects on the basis that they are overbroad, we are happy to negotiate search terms to narrow the scope those requests. However, simply hiding behind the need for an ESI protocol without being willing to genuinely move the discovery process forward, is unacceptable, and Plaintiff will have no choice but to seek assistance from the Court.

Counsel for Plaintiff would like to discuss this letter and Defendant's steps to address the deficiencies. As of the date of sending this letter, counsel for Defendant has agreed to meet on Thursday May 16 at 10:00 a.m. via telephone call.

Sincerely,

*/s/ Allison Mahoney*
Allison Mahoney
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
(970) 315-5152
allison@almlawllc.com

*/s/ Lindsay Lieberman*
Lindsay Lieberman

9

                                            Lindsay Lieberman, LLC  
                                            P.O. Box 2575  
                                            Newport, RI 02840  
                                            (401) 314-0219  
                                            lindsay@lindsaylieberman.com