# EXHIBIT 4



advocating for survivors

May 10, 2024

**Sent via email**
Kirstie A. Means
Lippes Mathias LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202

Re:   *Jane Doe v. Jonathan Rees, a.k.a. Greg Ellis, a.k.a. Jonny Rees*, 3:23-CV-1352
      **Defendant's Response to Plaintiffs' Amended First Request for Interrogatories**

Counsel:

We are writing to address a number of deficiencies in Defendant's response to Plaintiff's Amended First Request for Interrogatories. Plaintiff served the Amended First Request for Interrogatories, which contained 7 interrogatories, on Defendant on March 6, 2024. Defendant responded on April 5, 2024. Defendant's responses to these interrogatories are, in some instances incomplete, and, in others, appear to be false and/or misleading. As counsel is aware, providing false information or concealing relevant evidence is sanctionable.

On April 30th, we spoke with you over the telephone regarding numerous deficiencies in Defendant's responses to Plaintiff's interrogatories, including our belief that Defendant denied possessing information when documentary evidence and witness statements strongly suggest otherwise. You indicated that you would reach out to your client the week of April 30th to discuss these concerns. Since that conversation, we have heard nothing else from Defendant's counsel.

Plaintiff's specific concerns are detailed below.

**Specific Objections**

1. **Defendant's response to Plaintiff's Interrogatory No. 1.**

First, Defendant objected to Plaintiff's definition of "Intimate Image." That definition came from federal and New York statutory definitions of similar terms and does not seek a legal conclusion, as Defendant claims.

Second, Defendant provided an incomplete response to the interrogatory. Defendant failed to include the email address from which he sent the image of Plaintiff to Jeanne Murray. Plaintiff, therefore, demands that Defendant supplement his response with that information. Further, if Defendant shared additional intimate images of Plaintiff with any other third parties, including,

but not limited to, those included in Google drive folders that he shared with others via email, Defendant is required to provide that information in his response to this interrogatory.

**2. Defendant's response to Plaintiff's Interrogatory No. 2.**

Defendant denied the allegations set forth in the interrogatory and said he is not in possession of responsive information.

On April 22, 2024, Plaintiff produced Ring video footage that depicted Matthias Wesner going to Plaintiff's daughter's front door in Texas and serving her with a retaliatory temporary protection order Defendant obtained against Plaintiff in Chenango County, New York. Mr. Wesner is not a process server, and he is friends with Defendant. It is incredible for Defendant to claim that he knows nothing about this. Plaintiff demands that Defendant respond to this request in a truthful manner. Otherwise, she will need to seek Court intervention, including sanctions.

**3. Defendant's response to Plaintiff's Interrogatory No. 3.**

Defendant denied the allegations set forth in the interrogatory and said he is not in possession of responsive information.

As we explained to counsel for Defendant on April 30, 2024, this answer also appears to be untruthful. Indeed, Defendant has repeatedly published information about the "copycat" and his intention to reveal the identity of the "copycat." For instance, on November 26, 2022, Defendant posted on social media using his "@ellisgreg" account, "THE COPYCAT has been identified. (will reveal the name soon). She messed with the reputation of a global celebrity a while ago & now she's come after me, instructing her attorney & dodgy PI to mobilize law enforcement against me in a fake 911 suicide welfare check. . . ." Plaintiff demands that Defendant respond to this request in a truthful manner. Otherwise, she will need to seek Court intervention, including sanctions.

**4. Defendant's response to Plaintiff's Interrogatory No. 4.**

**AND**

**5. Defendant's response to Plaintiff's Interrogatory No. 5.**

Defendant again denied the allegations set forth in the interrogatory and said he is not in possession of responsive information.

We also discussed this response during the April 30th call with counsel. Evidence shows that Defendant not only orchestrated the creation of the "Amber Heard's Copycat" press release but also directed that it be circulated to third parties. Plaintiff demands that Defendant respond to this request in a truthful manner. Otherwise, she will need to seek Court intervention, including sanctions.

**6. Defendant's response to Plaintiff's Interrogatory No. 6.**

Defendant objected to providing his current email address due to concerns of harassment.

If Defendant used his "current email address" from September 2022, he must provide it in response to this request. There has been absolutely no evidence of Plaintiff harassing Defendant since she filed this lawsuit, and she denies ever harassing Defendant during this time period. Plaintiff is entitled to seek and obtain relevant discovery during the pendency of this lawsuit and demands that Defendant supplement his response to this interrogatory.

**7. Defendant's response to Plaintiff's Interrogatory No. 7.**

Defendant objects to the term "marketing" as vague and ambiguous. Defendant also said he is not in possession of responsive information.

"Marketing" is not a vague or ambiguous term. For instance, Merriam-Webster dictionary defines marketing as "the act or process of setting or purchasing in a market" and "the process or technique of promoting, selling, and distributing a product or service." Merriam-Webster Dictionary, *marketing*, available at https://www.merriam-webster.com/dictionary/marketing (last visited May 8, 2024). Here, the market is obviously the real estate market.

Further, Defendant sold his McDonough, New York property in December 2023. Is Defendant claiming he has no knowledge as to how the buyers found out about the property? That is what his response to this interrogatory suggests. Defendant yet again appears to be concealing relevant information and providing a dishonest response to this interrogatory. Plaintiff demands that he respond in a truthful and complete manner or Plaintiff will seek Court intervention, including sanctions.

**Conclusion**

Plaintiff demands the Defendant immediately address the aforementioned deficiencies and provide honest and complete responses to her interrogatories. As of the date of sending this letter, counsel for Defendant has agreed to meet on Thursday May 16 at 10:00 a.m. via telephone call.

Sincerely,

*/s/ Allison Mahoney*
Allison Mahoney
ALM Law, LLC
43 West 43rd Street, Suite 309
New York, NY 10036
(970) 315-5152
allison@almlawllc.com

3

*/s/ Lindsay Lieberman*
Lindsay Lieberman
Lindsay Lieberman, LLC
P.O. Box 2575
Newport, RI 02840
(401) 314-0219
lindsay@lindsaylieberman.com