UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN REES, a/k/a GREG ELLIS,<br>a/k/a JONNY REES,<br><br>　　　　　Defendant. | Case No.: 3:23-CV-1352 (TJM/ML)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED AND SUPPLEMENTAL COMPLAINT** |

Plaintiff, Jane Doe, respectfully submits this memorandum of law in support of her motion, pursuant to Fed. R. Civ. P. 15(a) and (d), for leave to file an Amended and Supplemental Complaint.

### STATEMENT OF THE CASE

Plaintiff and Defendant had an on-again, off-again, intimate relationship from April 2016 until September 6, 2022, when Plaintiff informed Defendant that she was ending the relationship, blocked him from continuing to call or text her, and stopped responding to his attempts to contact her.  Complaint, ECF 1 ¶ 23-25.  Immediately thereafter, Defendant began a months-long campaign of threats, harassment, exposure and defamation.  In the course of that campaign, Defendant incessantly contacted, harassed and threatened Plaintiff, Plaintiff's daughter and family, and Plaintiff's friends and business colleagues.  *Id*. ¶¶ 26-54.

Defendant's campaign was actionable in several respects:  He disclosed a photo of Plaintiff—an "intimate visual depiction," as defined in 15 U.S.C. § 6851—without her consent, via email, in violation of both § 6851 and New York Civil Rights Law § 52-b(1).  He also

1

committed the common-law torts of defamation and intentional infliction of emotional distress. *Id*. (Claims for Relief One-Six).

Plaintiff now seeks leave to add two claims for relief. *See* Caruso Declaration Ex. A (copy of the proposed Amended and Supplemental Complaint). Specifically:

Plaintiff seeks leave to add a claim for malicious prosecution. Defendant, in the course of his campaign, commenced a domestic-violence proceeding against Plaintiff in Family Court, Chenango County. Defendant did so in retaliation for Plaintiff's domestic-violence proceeding commenced in a California court. Defendant did so, however, based on fabricated evidence and other false statements. When his fabrications came to light, he dismissed his New York proceeding, which thereby terminated in Plaintiff's favor. *See* Caruso Ex. A ¶¶ 42-45, 58, 113-19.

Finally, Plaintiff seeks leave to add a claim for fraudulent transfers in violation of New York Debtor and Creditor Law ("DCL") §§ 273, 276 and 277. In sum, Defendant—less than two months after Plaintiff commenced this action, and with intent to hinder Plaintiff as a creditor—sold his land and house in Chenango County and transferred the sales proceeds out of New York, and/or concealed the sales proceeds. He has also absconded from the state of New York, refused to provide a current address for use in this action and otherwise displayed the traditional "badges of fraud" set forth in DCL § 273(b). *See* Caruso Ex. A ¶¶ 120-28.

## ARGUMENT

### POINT I

### THE COURT SHOULD GIVE LEAVE TO AMEND

Fed. R. Civ. P. 15(a) provides, in pertinent part, that a court "should freely give leave" to amend a complaint "when justice so requires." Accordingly, a court will give leave absent

"futility, bad faith, undue delay or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

  Here, the Court should give Plaintiff leave to amend the Complaint to add a claim for malicious prosecution. The assertion of that claim does not unduly prejudice Defendant. Indeed, the original Complaint already alleged the operative facts—that Defendant commenced a bad-faith domestic violence proceeding against Plaintiff in Family Court, in which he fabricated evidence and made false statements, and which terminated favorably to Plaintiff when Defendant's misconduct came to light. *See* ECF 1 ¶¶ 41-42, 52. The malicious prosecution claim is meritorious, interposed for a proper purpose (seeking money damages), and has not been unduly delayed, considering that this action was stayed by reason of the withdrawal of defense counsel and remains in the discovery phase.

## POINT II

## THE COURT SHOULD GIVE LEAVE TO SUPPLEMENT

  Rule 15(d) provides, in pertinent part: "[T]he court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented." Under Rule 15(d), a court applies substantially the same liberal test applied under Rule 15(a), set forth in Point I above. *See National Credit Union Admin. Bd. v. U.S. Bank NA*, 889 F.3d 243, 256 (2d Cir. 2018).

  Here, Plaintiff satisfies Rule 15(d). Plaintiff filed the Complaint on October 31, 2023. The proposed supplemental pleading "set[s] out a[] transaction, occurrence or event that happened after th[at] date[.]" *Id*. Specifically, the proposed supplemental pleading alleges that Defendant transferred his land and house on December 28, 2023. Caruso Ex. A ¶ 125.

The supplemental claim, furthermore, has merit. The pleading alleges all the elements of a violation of the fraudulent transfer statutes, and provides the particularity required by Rule 9(b). *See* Caruso Ex. A ¶¶ 121-26. There can be no serious contention of bad faith, or undue prejudice to Defendant.

## POINT III

### THE COURT SHOULD FIX
### A DATE FOR DEFENDANT TO PLEAD

Rule 15(d) also provides: "The court may order that the opposing party plead to the supplemental pleading within a specified time." Here, the Court should order Defendant to answer the Amended and Supplemental Complaint, in its entirety, as if it were purely an amended complaint, within 14 days of its filing. *See* Fed. R. Civ. P. Rule 15(a)(3).

## CONCLUSION

For the foregoing reasons, the Court should grant leave to file the Amended and Supplemental Complaint.

Dated: New York, NY
       August 26, 2024

KENNETH CARUSO LAW LLC

By: /s/ Kenneth A. Caruso
Kenneth A. Caruso
15 W. 72nd Street
New York, NY 10022
Phone: (646) 599-4970
Email: ken.caruso@kennethcarusolaw.com

*Attorneys for Plaintiff, Jane Doe*