# EXHIBIT F



**Brian F. Wessels, County Clerk**
County Office Building
5 Court Street
Norwich, NY 13815
(607) 337-1451

# Chenango County Clerk Recording Cover Sheet

**Received From :**
HINMAN HOWARD & KATTELL LLP
80 EXCHANGE STREET
PO BOX 5250
BINGHAMTON, NY 13902-5250

**Return To :**
JAMES AND VIVIAN DRISCALL
680 STATE HIGHWAY 220
MCDONOUGH, NY 13801

**First GRANTOR**

REES, JONATHAN

**First GRANTEE**

DRISCALL, JAMES

**Index Type :** Deeds
## Deed Number : 2024-00000061
**Book :**                **Page :**

**Type of Transaction :** Deed - (Res)
**Recording Fee:**              $230.00

**Recording Pages :**                10

The Property affected by this instrument is situated in Smithville, in the County of Chenango, New York

### Real Estate Transfer Tax

| | |
|---|---|
| **RETT # :** | 866 |
| **Deed Amount :** | $999,999.99 |
| **RETT Amount :** | $4,000.00 |
| **Total Fees :** | $4,230.00 |

State of New York

County of Chenango

I hereby certify that the within and foregoing was recorded in the Clerk's office for Chenango County, New York

On (Recorded Date) : 01/09/2024

At (Recorded Time) : 3:52:15 PM



Doc ID - 007201650010

Brian F. Wessels, County Clerk

WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT, REQUIRED BY SECTION 319 & 316-A(5) OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK. DO NOT DETACH FROM THIS INSTRUMENT

Entered By: WHITNEY  Printed On : 01/09/2024  At :  3:54:50PM

**WARRANTY DEED WITH LIEN COVENANT**

THIS INDENTURE, made the 20th day of December, 2023

BETWEEN

**Jonathan Rees, Trustee of the Jonathan Rees Trust**, having an address of 680 State Highway 220, McDonough, NY 13801, party of the first part, and

**James Driscall and Vivian Driscall,** as husband and wife, residing at 104 Boeltz Avenue, Greene, NY 13778, party of the second

WITNESSETH that the party of the first part, in consideration of ONE DOLLAR and 00/100 ($1.00) lawful money of the United States, and other good and valuable consideration paid by the party of the second part, does hereby grant and release unto the party of the second part, his/her/their heirs, successors and assigns forever,

All that certain tract, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Smithville, County of Chenango and State of New York, being more particularly bounded and described in Schedule A annexed hereto and made a part hereof.

BEING the premises conveyed to Jonathan Rees, Trustee of the Jonathan Rees Trust by deed from Margaret M. Leone a/k/a Margaret M. Leone-Smith dated December 9, 2021 and recorded in the Chenango County Clerk's Office on February 11, 2022 in Deed No. 2022-00000215.

TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises,

TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, his/her/their successors, heirs and assigns forever.

AND, That the party of the first part covenants as follows:

FIRST, That the party of the second part shall quietly enjoy the said premises;

SECOND, That said party of the first part will forever Warrant the title to said premises;

THIRD, That, in Compliance with Sec. 13 of the Lien Law, the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

IN WITNESS WHEREOF, the party of the first part has hereunto set his/her/their hand and seal the day and year first above written.

IN PRESENCE OF

**The Jonathan Rees Trust**

_____L.S.
**Jonathan Rees, Trustee**

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | )SS.: |
| COUNTY OF KANE | ) |

On this 20th day of December, 2023, before me, the undersigned, personally appeared **Jonathan Rees**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

**Record & Return to:**
James Driscall
Vivian Driscall
680 State Highway 220
McDonough, NY 13801

OFFICIAL SEAL
STEPHANIE BERKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/17/25

# 937328

## SCHEDULE A
## Paramount Abstract Title # B-19546

All that tract or parcel of land, situate in the Town of Smithville, County of Chenango and State of New York, consisting of Two Hundred Thirty-five (235) acres of land, and being the same premises conveyed by Wesley E. Furlow and wife to Owen Dininny and Owen R. Dininny by deed dated the 27th day of August, 1909, and recorded in the Chenango County Clerk's Office in Book 225 of Deeds at page 404 and the boundaries and descriptions contained in said deed and the record thereof are hereby adopted as forming a part of this conveyance the same as if herein fully inserted, and being a part of the same premises conveyed to George S. Weaver by Walter R. Dininny and others by a deed recorded in said Chenango County Clerk's Office in Book 237 of Deeds at page 326 and being the same premises conveyed by John O. Burke by George S. Weaver and wife by deed recorded in the Chenango County Clerk's Office in Book 243 of Deeds at page 206 and the same premises conveyed to said William E. Johnson by Louie E. Mertz by deed dated July 26, 1926 and recorded in said Chenango County Clerk's Office August 16, 1926 in Book 270 of Deeds at page 62. The premises above described are the same that were conveyed by Jonathan Kelley and Albert Johnson as Executors of the Last Will and Testament of William Johnson, deceased, to Wesley E. Furlow by deed dated March 1, 1906, recorded in the Chenango County Clerk's Office October 12, 1909 in Book 227 of Deeds at page 112 and in said deed described as follows, viz: - "All that tract or parcel of land situate in the Town of Smithville, County of Chenango and State of New York, the farm known as the Johnson farm and bounded as follows; on the north by the Wilson Brother farm and by the highway running between Smithville and McDonough and the Joe Keough farm; on the west by the Wilson farm; on the south by the Harrison farm; on the east by the Chas Stiles farm, Joe Keough farm, and the Thos J. Root farm containing two hundred thirty five acres of land be the same more or less."

Also all that tract or parcel of land, situate in the Town of Smithville, County of Chenango and State of New York, bounded and described as follows: Commencing at the southwest corner of land formerly owned by William Root, being part of Lot No. Seven (7) in the Second Township of the Chenango Triangle on the forks of the road running from McDonough to Smithville Flats and the Town Line Road between McDonough and German two rods from the stone wall on the west side of the road near a pile of stones, running north Two (2) rods from said wall, eighteen (18) rods and twenty (20) links to a stake and stones; thence easterly against the south side of a small birch tree and apple tree and maple tree sixteen (16) rods and ten (10) links to a stone wall; thence southerly on the line of said wall to the center of the highway eight (8) rods and seven (7) links; thence southerly on said highway twenty-one (21) rods to the place of beginning; containing one and five-eights (1 5/8) acres of land be the same more or less.

Also one other piece of land adjacent to the above described land, commencing at the southwest corner of the above described land; thence westerly on the line of the lands between the party of the first part and William Johnson seventeen (17) rods; thence north parallel with the highway eighteen (18) rods and twenty (20) links; thence easterly to the northwest corner of the first described lot seventeen (17) rods; thence south along the center of the highway eighteen (18) rods and twenty (20) links containing two (2) acres of land, being the same premises conveyed to William E. Johnson by Fred L. Harrison and wife by deed recorded in said Clerk's Office in Book 270 of Deeds at page 324.

Also, all that tract or parcel or land situate in the Town of Smithville, County of Chenango and State of New York, which was conveyed to Peter J. Keough April 7, 1859 by James Keenan and Mary Keenan for herself and as Executrix of the Last Will and Testament of Felix Keenan, deceased, by warranty deed which deed is recorded in the Chenango County Clerk's Office April 12, 1859 in Book 106, page 423 and in said deed described as follows:

Being part of Lot No. 16 in the Third township of the Chenango Triangle; bounded on the north by lands owned and occupied by Hiram Read, Isaac Ketchum and Peter Perkins; on the south by lands owned and occupied by Hiram Read, widow Bump and William Brown; on the east by a part of said lot conveyed by deed from James Keenan and Mary Keenan personally and as suck executrix of Peter Perkins, dated February 9, 1858 to which deed reference may be had for particular description of the division line, and on the west by lands of said Hiram Read, the land hereby intended to be conveyed being

the west part of the farm conveyed by Prescott Read and Felix Keenan and James Keenan by deed dated September 27, 1858 and is intended to include all that remains of said farm not included in the said deed to the said Peter Perkins containing one hundred and seventeen (117) acres, more or less, and the same conveyed by Owen R. Dininny to Walter R. Dininny and Betsey U. Dininny by deed recorded in said clerk's office in Book 231, page 299 and the same conveyed to George S. Weaver by Walter R. Dininny and Betsey U. Dininny by deed recorded in said clerk's office in Book 237, page 326. The parties of the first part hereby give the party of the second part a right of way to the above described premises, said right of way being across the land of the parties of the first part, and being on the east bank of the Genegantslet Creek between the highway at the east end of the bridge over said creek and the premises above conveyed, and being the same premises conveyed to said May Stanley Johnson by Ray J. Root and wife by deed recorded in said Clerk's office in Book 292 of Deeds at page 580, excepting and reserving from said last above described premises 107.34 acres conveyed to The People of the State of New York by William E. Johnson and May S. Johnson by deed recorded in said clerk's office in Book 316 of Deeds at page 11.

Also, the party of the first part hereby transfers and assigns to the said parties of the second part, a certain lease, dated April 12, 1938, given by Revere Bonowitz to William E. Johnson and May Stanley Johnson recorded in Book 305 of Deeds, page 364, which leases in perpetuity to the parties of the second part, their heirs and assigns, the spring of water on his premises located about ten feet (10') from the northeast corner of the "Factory Lot", so called belonging to the said parties of the second part, and being the same spring from which water is now conveyed to the dwelling owned and occupied by the parties of the second part. The parties of the first part hereby agrees that he will not do or permit any act to interfere with the flow of water to said spring and that the parties of the second part shall have access over his premises both for themselves and their successors in title to prevent any pollution or interference with said spring and the supple of water from same, and also the right and privilege to place a fence about said spring to prevent any pollution of water in the spring by livestock.

The party of the first part hereby accepts and reserves 4 small parcel of land conveyed to the County of Chenango by William E. Johnson and May Stanley Johnson by deed recorded in said clerk's office in Book 279 of Deeds at page 322, said parcels being parcel 6A of 1.28 acres; parcel 6B of 0.05 acres; parcel 6C of 2.64 acres and parcel 6D of 0.08 acres.

Being the same premises conveyed to May Stanley Johnson to John J. Sullivan and Grace Esther Sullivan, his wife, as tenants by the entirety, by warranty deed dated June 12, 1945 and recorded in the Chenango County Clerk's Office June 16, 1945 in Book 327 of Deeds at page 492.

This conveyance is made and accepted subject to a Right of Way given by John J. Sullivan and Esther Sullivan to Phillip Hofmann and Sharon Hofmann by Instrument dated December 5, 1967 and recorded in the Chenango County Clerk's Office January 24, 1968 in Book 502 of Deeds at page 152.

This conveyance is also subject to the easements given by John J. Sullivan and G. Esther Sullivan as follows:

1.    To New York State Electric & Gas Corporation dated September 22, 1966 and recorded in the Chenango County Clerk's Office November 15, 1966 in Book 491 of Deeds at page 193.

2.    To Chanango & Unadilla Telephone Corporation dated March 16, 1973 and recorded in the Chenango County Clerk's Office July 23, 1973 in Book 549 of Deeds at page 774.

The said John Joseph Sullivan having died March 27, 1975, leaving G. Esther Sullivan the sole surviving owner.

The said G. Esther Sullivan having died September 2, 1992 and John C. Rosekrans having been appointed executor of her Last Will and Testament by the Chenango County Surrogate Court on September 25, 1992.

Excepting and reserving from the above set forth premises that parcel conveyed by John C. Rosekrans, as Executor of the Estate of G. Esther Sullivan to R. DeVincentis Construction, Inc. by Executor's Deed dated June 16, 1994 and recorded in the Chenango County Clerk's Office August 2, 1994 in Book 778 of Deeds at page 134.

This conveyance is also subject to the easement given by John C. Rosekrans, as Executor of the Last Will and Testament of G. Esther Sullivan to New York State Electric & Gas dated September 28, 1994 and recorded in the Chenango County Clerk's Office October 24, 1994 in Book 780 of Deeds at page 231.

Being the same premises conveyed to the Grantors herein by Executor's deed dated March 2, 1995 and recorded in the Chenango County Clerk's Office on March 3, 1995 in Book 783 of Deeds at page 206.

Excepting and reserving therefrom all that tract and parcel of land, situate in the Town of Smithville, County of Chenango, bounded and described as follows: Beginning at an iron pipe found at a point which represents the northeast corner of the hereinafter described premises, said iron pipe being located South 43° 23' 32" west a distance of 960.53 feet from a "PK" nail set at the center line intersection of Art Lake Road (Town Road No. 35) and an old abandoned roadbed; then south 41° 15' 51" west along the westerly side of said old abandoned roadbed a distance of 684.90 feet to an iron pipe found;

Thence north 49° 08' 21" west a distance of 929.94 feet to a point;

Thence north 24° 29' 10" east a distance of 542.52 feet to a 5/8 inch rebar with plastic yellow color cap marked "Paul B. Koerts L.S. No. 49850", thence south 58° 11' 58" east a distance of 370.92 feet to an iron pipe found; thence south 57° 29' 41" east a distance of 729.16 feet to the point and place of beginning.

As shown on a survey made by Paul B. Koerts (L.S. 49850); dated February 28, 1995 (    no. 11368-1).

The above parcel consisting of 14.136 acres of land and being the same premises heretofore conveyed by the Grantors to Thomas L. O'Connell and Carolyn L. O'Connell by Deed dated June 26, 1998 and recorded in the Chenango County Clerk's Office on July 7, 1998 in book 810 of Deeds at page 324.

Grantors hereby convey to Grantees all of the Grantors' right, title, and interest in and to any and all easements or rights of way appurtenant to the above described parcel including, without limitation, a right of way appurtenant to the above premises as described in the deed from May Stanley Johnson to Ray J. Root and wife by Deed recorded in the Chenango County Clerk's Office on Book 292 of Deeds at page 580.

Subject to a Boundary Line Agreement recorded in the Chenango County Clerk's Office on February 7, 2008 as Instrument No. 2008-00000214.

Said Property is further bounded and described as follows:

*Paul B. Koerts*
*Professional Land Surveyor • GIS Consultant*
*Mail: P.O. Box 432, Greene, New York 13778-0432*
*Location: 517 Hotchkiss Road, Chenango Forks, New York 13746*

Phone: 607-656-9578
Fax: 607-656-9133
Email: PKOERTS@stny.rr.com

## DESCRIPTION OF PROPERTY OF
## PARCEL NO.1

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Smithville, County of Chenango, State of New York, being in a portion of Lots 7 & 18 in the Second Township of the Chenango Triangle in the Town of Smithville as shown in the "1875" Atlas of Chenango County, New York", more particularly bounded and described as follows:

BEGINNING at a point in the westerly highway boundary of New York State Route 220 (State Highway No. 1827) at southwesterly corner of lands now or formerly owned by Vivian Driscall, f/k/a Vivian Palmiter pursuant to a Boundary Line Agreement between Lois M. Huffman – Reeves, Vivian Driscall, f/k/a Vivian Palmiter dated November 26, 2007 and recorded in the Chenango County Clerk's Office on February 07, 2008 in Instrument No. 2008-214 and at the northeasterly corner of premises herein described, being S 62°33'02" W a distance of 24.00 feet, from a 5/8-inch rebar with plastic yellow cap tagged "Paul B. Koerts, L.S.No. 49580" set (hereafter referred to as pin set) at the former southwesterly corner of lands owned by Vivian Palmiter as described in Liber 603 of deeds, at page 423, and being S 66°56'31" W a distance of 1163.86 feet from a at the intersection of the southerly highway boundary of Art Lake Road (Town Road 35) and the easterly highway boundary of New York State Route 220 (State Highway No. 1827);

THENCE southerly along said westerly highway boundary of New York State Route 220 (State Highway No. 1827) the following fourteen courses totaling 3172.46 feet:
1) S 62°33'02" W a distance of 153.29 feet, to an angle point;
2) S 55°45'59" W a distance of 106.12 feet, to an angle point;
3) S 44°21'14" W a distance of 90.50 feet, to an angle point;
4) S 3°06'23" E a distance of 201.91 feet, to an angle point;
5) S 3°25'53" W a distance of 122.85 feet, to an angle point;
6) S 15°37'17" W a distance of 385.06 feet, to a pin set;
7) S 24°05'56" W a distance of 272.11 feet, to an angle point;
8) S 20°46'06" W a distance of 330.08 feet, to a square concrete monument found;
9) S 26°04'21" W a distance of 80.24 feet, to a square concrete monument found;
10) S 7°25'03" W a distance of 126.52 feet, to a square concrete monument found;
11) S 16°26'33" W a distance of 710.78 feet, to a pin set;
12) S 30°55'03" W a distance of 172.00 feet, to a pin set;
13) S 13°04'03" W a distance of 215.00 feet, to an angle point;
14) S 1°18'03" W a distance of 206.00 feet, to a square concrete monument found at the northeasterly corner of lands now or formerly owned by Arthur F. & Tammy J. Daniels (Liber 668, page 341);

THENCE N 80°57'48" W along the northerly boundary of lands now or formerly owned by said Daniels a distance of 187.55 feet, to an iron pin found at the northeasterly corner of lands now or formerly owned by Stephen M. Raymond (Liber 727, page 65);

THENCE N 81°32'39" W along the northerly boundary of lands now or formerly owned by said Raymond a distance of 1861.19 feet, to a pin set, THENCE continuing 81°32'39" W a distance of 30.00 feet, for a total course distance of 1891.19 feet, to a point in the easterly boundary of lands now or formerly owned by George R. & Louie W. Hofmann (Liber 761, page 661);

11368-1p1
Page 1 of 2

THENCE along said easterly boundary of lands now or formerly owned by said Hofmann the following two courses:
1) N 7°27'43" E a distance of 154.94 feet, to a pin set;
2) N 5°12'43" E a distance of 31.09 feet, to an iron pin with plastic yellow cap marked "Davison" found at the southeasterly corner of lands now or formerly owned by Joseph & Jean E. Markowski (Liber 769, page 834);

THENCE along the easterly boundary of lands now or formerly owned by said Markowski the following three courses:
1) N 5°12'43" E a distance of 305.00 feet, to a pin set;
2) N 8°06'43" E a distance of 199.00 feet, to a pin set;
3) N 11°48'13" E a distance of 105.94 feet, to an iron pin with plastic yellow cap marked "Davison" found at the southeasterly corner of other lands now or formerly owned by Joseph & Jean E. Markowski (Liber 742, page 674);

THENCE along the easterly boundary of other lands now or formerly owned by said Markowski the following two courses:
1) N 11°26'31" E a distance of 336.18 feet, to a pin set;
2) N 9°47'43" E a distance of 374.20 feet, to a 36-inch twin maple found in a southerly boundary of lands now or formerly owned by George R. & Louie W. Hofmann (Liber 761, page 661)

THENCE along the lands now or formerly owned by said Hofmann the following five courses:
1) S 85°45'17" E a distance of 177.79 feet, to a pin set;
2) S 81°37'17" E a distance of 474.67 feet, to a pin set;
3) S 82°56'17" E a distance of 467.99 feet, to a pin set;
4) N 8°37'43" E a distance of 577.93 feet, to a 36-inch dead beech tree;
5) N 83°47'43" E a distance of 454.10 feet, to a pin set, THENCE continuing N 83°47'43" E a distance of 40.00 feet, to a point in the centerline of a creek at the southwesterly corner of lands now or formerly owned by John J. Corcoran (Liber 757, page 266);

THENCE along the lands now or formerly owned by said Corcoran the following three courses:
1) N 82°43'30" E a distance of 35.04 feet, to an iron pin found;
2) N 82°43'30" E a distance of 200.00 feet, to an iron pin found;
3) N 9°30'30" E a distance of 459.43 feet, to a pin set at a southwesterly corner of lands now or formerly owned by Philip J. Hofmann (Liber 482, page 405);

THENCE along the lands now or formerly owned by said Hofmann the following three courses:
1) S 82°17'00" E a distance of 299.55 feet, to a pin set;
2) N 0°32'10" W a distance of 310.20 feet, to a pin set;
3) S 82°17'00" E a distance of 280.50 feet, to a pin set at the southwesterly corner of lands now or formerly owned by Lois M. Huffman (Liber 762, page 519);

THENCE N 86°52'34" E along the southerly boundary of lands now or formerly owned by said Huffman a distance of 185.20 feet, to a pin set in the westerly boundary of lands now or formerly owned by said Vivian Palmiter (Liber 603, page 423 & Instrument No. 2008-214);

THENCE S 34°34'00" E along said westerly boundary of lands now or formerly owned by Palmiter a distance of 140.49 feet, to the point of beginning.

CONTAINING 104.919 acres of land as surveyed by Paul B. Koerts Professional Land Surveyor on February 28, 1995. All bearings are referenced to magnetic north.

*Paul B. Koerts*
*Professional Land Surveyor • GIS Consultant*
*Mail: P.O. Box 432, Greene, New York 13778-0432*
*Location: 517 Hotchkiss Road, Chenango Forks, New York 13746*

*Phone: 607-656-9578*
*Fax: 607-656-9133*
*Email: PKOERTS@stny.rr.com*

## DESCRIPTION OF PROPERTY OF
## PARCEL NO. 2

ALL THAT TRACT OR PARCEL OF LAND situate in the Town of Smithville, County of Chenango, State of New York, being in a portion of Lots 7 & 18 in the Second Township of the Chenango Triangle in the Town of Smithville as shown in the "1875" Atlas of Chenango County, New York", more particularly bounded and described as follows:

BEGINNING at a 5/8-inch rebar with plastic yellow cap tagged "Paul B. Koerts, L.S.No. 49580" set (hereafter referred to as pin set) at the intersection of the southerly highway boundary of Art Lake Road (Town Road 35) and at the easterly highway boundary of New York State Route No. 22 (State Highway No. 1827) and at the northwesterly corner of premises herein described;

THENCE easterly along said southerly highway boundary of Art Lake Road (Town Road 35) the following three courses:
   1) S 85°41'18" E a distance of 167.56 feet, to a pin set;
   2) S 59°13'41" E a distance of 115.97 feet, to a pin set;
   3) S 49°40'52" E a distance of 181.83 feet, to a pin set at a northwesterly corner of lands owned by The People of the State of New York, Proposal "L" as recorded in the Chenango County Clerk's Office in Liber 316 of deeds, at page 11;

THENCE along the lands of The People of the State of New York, Proposal "L" the following four courses:
   1) S 26°39'00" W a distance of 1406.46 feet, to an iron pipe found;
   2) S 7°57'00" W a distance of 601.60 feet, to an iron pipe found;
   3) S 82°19'15" E a distance of 664.90 feet, to an iron pipe found, in the division line between said Lot 7 in the Second Township of the Chenango Triangle and Lot 16 in the Third Township of the Chenango Triangle;
   4) S 8°46'52" W along said division line a distance of 1372.95 feet, to an iron pipe found at the common corner of said Lot 7 on the northwest, said Lot 8 on the southwest, said Lot 16 on the northeast and Lot 17 on the southeast, also being a northwesterly corner of lands owned by The People of the State of New York, Proposal "K";

THENCE S 9°10'28" W along the westerly boundary of lands owned by said The People of the State of New York, Proposal "K" a distance of 159.30 feet, to a 42" maple tree at the northeasterly corner of lands now or formerly owned by Robert A. Chalachan, Sr. (Liber 709, page 244);

THENCE N 81°51'16" W along the northerly boundary of lands now or formerly owned by said Chalachan, Sr. a distance of 2056.87 feet, to an iron pin with metal cap marked "DOT" found in said easterly highway boundary of New York State Route 220 (State Highway No. 1827);

THENCE nortrherly along said easterly highway boundary of New York State Route 220 (State Highway No. 1827) the following nine courses totaling 4132.74 feet:
   1) N 6°52'39" E a distance of 147.08 feet, to an iron pin with a metal cap marked "DOT" found;
   2) N 32°00'42" E a distance of 194.83 feet, to an iron pin with a metal cap marked "DOT" found;
   3) N 6°29'16" E a distance of 910.53 feet, to an iron pin with a metal cap marked "DOT" found;
   4) N 16°43'44" E a distance of 358.44 feet, to a square concrete monument found;
   5) N 24°37'56" E a distance of 1171.60 feet, to a square concrete monument found;
   6) N 35°02'19" E a distance of 227.92 feet, to a square concrete monument found;

7) N 52°25'26" E a distance of 360.37 feet, to a square concrete monument found;
8) N 67°35'03" E a distance of 341.96 feet, to an angle point;
9) N 62°38'27" E a distance of 420.01 feet, to the point of beginning.

CONTAINING 121.144 acres of land as surveyed by Paul B. Koerts Professional Land Surveyor on February 28, 1995. All bearings are referenced to magnetic north.



**Brian F. Wessels, County Clerk**
County Office Building
5 Court Street
Norwich, NY  13815
(607) 337-1451

# Chenango County Clerk Recording Cover Sheet

**Received From :**
FERTIG LAW OFFICE
14 NORTH CHENANGO STREET
GREENE, NY  13778

**First NAME**

REES, JONATHAN

**Index Type :** Miscellaneous Filed
**File Number :** 2024-00000022
**Book :**                               **Page :**

**Type of Transaction :** Miscellaneous Filed - Land
**Recording Fee:**                      $5.00

**Recording Pages :**                   10

## Recorded Information

State of New York

County of Chenango

I hereby certify that the within and foregoing was
recorded in the Clerk's office for Chenango
County, New York

On (Recorded Date) : 01/12/2024

At (Recorded Time) :  9:08:39 AM

Doc ID - 007207230010

Brian F. Wessels, County Clerk

WARNING - THIS SHEET CONSTITUTES THE CLERK'S ENDORSEMENT, REQUIRED BY SECTION 319 & 316-A(5) OF THE REAL
PROPERTY LAW OF THE STATE OF NEW YORK.  DO NOT DETACH FROM THIS INSTRUMENT

Entered By: WHITNEY  Printed On : 01/12/2024  At :  9:08:57AM

STATE OF ILLINOIS
COUNTY OF KANE

Jonathan Rees, being duly sworn, deposes and says:

1. On February 12, 2020, I created a Trust known as the Jonathan Rees Trust under Agreement dated February 12, 2020. Attached is a Trust Certification.

2. Since the date the Trust was created, the Trust has not been amended or otherwise modified and the Trust continues in full force and effect.

3. I am the sole Trustee of the Trust and have the authority as Trustee to enter into a sale transaction with James and Vivian Driscall to sell the real property and the improvements situate in at 680 State Highway 220, McDonough, NY for the sum of $999,999.00 and additionally sell personal property pursuant to a separate bill of sale for $73,000.00.

4. I make this affidavit knowing that the parties are relying upon the truth of same in connection with this transaction.

_____
Jonathan Rees, Sole Trustee of the Jonathan Rees Trust,
under Agreement Dated February 12, 2020

Sworn to before me this
20 day of December, 2023.

_____
Notary Public

```
OFFICIAL SEAL
STEPHANIE BERKE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 8/17/25
```

CERTIFICATION OF TRUST OF THE JONATHAN REES TRUST

TO WHOM IT MAY CONCERN:

I, Jonathan Rees, as trustee of the Jonathan Rees Trust, certifies as follows:

1.    Creation of Trust

The trust was created on February 12, 2020, by Jonathan Rees, as settlor, under a declaration executed on that date.

2.    Name of Trust

The name of the trust is the Jonathan Rees Trust.

3.    Trustee

The currently acting trustee of the trust is Jonathan Rees.

4.    Trust Property

The trustee is now holding as trustee of the trust one or more items of property, which constitute the trust property.

5.    Revocability of Trust

The trust is revocable. The person holding the power to revoke the trust is Jonathan Rees.

6.    Powers of Trustee

The trustee has the following powers for managing the trust and the trust property:

(a)    General Powers of Trustee

Under the "General Powers of Trustee" subsection of this trust, the trustee has all of the powers given to trustees under California law (see Probate Code sections 16200 and following).

(b)     Financial Powers of the Trustee

Under the California Probate Code, the trustee has certain powers to conduct any financial transactions for the trust. These powers include the power to open and maintain checking accounts and savings accounts in any insured banks, savings and loans, or other financial institutions (see Probate Code Section 16225); the power to invest trust property (see Probate Code Section 16047(e)); the power to borrow money (see Probate Code Section 16241); and the power to lend money to any beneficiary of the trust or to guarantee loans, using trust property, to any beneficiary of the trust (see Probate Code Section 16244). The trustee has also the power to execute all papers that are necessary to carry out these powers (see Probate Code Section 16248).

Under the Trustee's Power to Invest Property subsection, settlor has also specifically given the trustee the power to invest trust property.

(c)     Powers of the Trustee for Management and Control of Real Property

Under California Probate Code Sections 16226 through 16233, the trustee has the powers to acquire or dispose of trust property, to manage trust property, to mortgage or encumber trust property, to repair or alter trust property (including to demolish or to build any improvements on trust property), to develop, subdivide, and dedicate to public use any trust property land, to lease any trust property, to obtain property by lease, and to lease any mineral rights of any trust property or obtain mineral rights to property for the trust.

(d)     Powers of the Trustee for Management and Control of Securities and Investments

Under California Probate Code Sections 16234 through 16239, the trustee has the powers to exercise for any security belonging to the trust all the rights, powers, and privileges of an owner, including the power to vote, give proxies, waive notice of shareholder's meeting or consent to the holding of a meeting, and approve any actions that may be taken by shareholders. The trustee also has the power to pay any calls, assessments, or other sums chargeable to the trust because of any securities. The trustee may also sell or exercise stock subscriptions or conversion rights. The trustee has the power to consent directly or consent by agent or committee to the reorganization, consolidation, merger, dissolution, or liquidation of a business entity. The trustee may also participate in voting trusts, pooling agreements, and foreclosures and may deposit securities with or transfer title to any protective or other committee.

The trustee has the power to hold securities in the name of a nominee

2

without disclosure of the trust. The trustee has the power to deposit securities in a securities depository that is either licensed or exempt from licensing under the Financial Code.

(e)     Powers of the Trustee for Operation and Control of Business Entities

Under California Probate Code Section 16222, the trustee has the power to continue or participate in the operation of any business, including a farm or ranch, belonging to the trust and to change the form of the business. However, the trustee may continue the operation of the business only for a reasonable period of time pending the sale of the business or a court order.

7.     Taxpayer Identification Number

United States Treasury Regulations Sections 1.671-4, 1.6012-3(a)(9), and 301.6109-1(a)(2) provide that the settlor's Social Security Number may be used in lieu of a separate taxpayer identification number for the trust. The Taxpayer Identification Number of this trust is the settlor's Social Security number. That number will be provided separately upon request.

8.     Manner in Which Title to Trust Assets Should Be Taken

Title to trust assets should be taken in the following form: "Jonathan Rees, as trustee of the Jonathan Rees Trust."

9.     No Revocations, Modifications, or Amendments

The trust has not been revoked, modified, or amended in any manner which would cause the representations contained in this certification of trust to be incorrect.

10.     Signed by Sole Currently Acting Trustee

This certification is being signed by the sole currently acting trustee of the trust.

11.     Accuracy

This certification of trust is a true and accurate statement of the matters referred to herein.

3

12.    Reliance on this Certification

This certification is made in accordance with California Probate Code Section 18100.5, a copy of which is attached to this instrument. Any transaction entered into by a person acting in reliance on this certification shall be enforceable against the trust assets. PROBATE CODE SECTION 18100.5(h) PROVIDES THAT ANY PERSON WHO REFUSES TO ACCEPT THIS CERTIFICATION IN LIEU OF THE ORIGINAL TRUST DOCUMENT WILL BE LIABLE FOR DAMAGES, INCLUDING ATTORNEYS' FEES, INCURRED AS A RESULT OF THAT REFUSAL, IF THE COURT DETERMINES THAT THE PERSON ACTED IN BAD FAITH IN REQUESTING THE TRUST DOCUMENT.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 12, 2020, at Los Angeles, California.

TRUSTEE

Jonathan Rees

4

## ACKNOWLEDGMENT

*A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.*

State of California                                              )
                                                                )
County of Los Angeles                                           )

On February 12, 2020, before me, Andrew Wolfberg, notary public, personally appeared

Jonathan Rees, who proved to me on the basis of satisfactory evidence to be the person whose

name is subscribed to the within instrument and acknowledged to me that he executed the same

in his authorized capacity, and that by his signature on the instrument the person, or the entity

upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that

the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____          (Seal)
Andrew Wolfberg

ANDREW WOLFBERG
Notary Public - California
Los Angeles County
Commission # 2162387
My Comm. Expires Aug 11, 2020

5

### TEXT OF CALIFORNIA PROBATE CODE SECTION 18100.5

Section 18100.5

(a)    The trustee may present a certification of trust to any person in lieu of providing a copy of the trust instrument to establish the existence or terms of the trust. A certification of trust may be executed by the trustee voluntarily or at the request of the person with whom the trustee is dealing.

(b)    The certification of trust may confirm the following facts or contain the following information:

(1)    The existence of the trust and date of execution of the trust instrument.

(2)    The identity of the settlor or settlors and the currently acting trustee or trustees of the trust.

(3)    The powers of the trustee.

(4)    The revocability or irrevocability of the trust and the identity of any person holding any power to revoke the trust.

(5)    When there are multiple trustees, the signature authority of the trustees, indicating whether all or less than all of the currently acting trustees are required to sign in order to exercise various powers of the trustee.

(6)    The trust identification number, whether a social security number or an employer identification number.

(7)    The manner in which title to trust assets should be taken.

(8)    The legal description of any interest in real property held in the trust.

(c)    The certification shall contain a statement that the trust has not been revoked, modified, or amended in any manner which would cause the representations contained in the certification of trust to be incorrect and shall contain a statement that it is being signed by all of the currently acting trustees of the trust. The certification shall be in the form of an acknowledged declaration signed by all currently acting trustees of the trust. The certification signed by the

6

currently acting trustee may be recorded in the office of the county recorder in the county where all or a portion of the real property is located.

(d)    The certification of trust may, but is not required to, include excerpts from the original trust documents, any amendments thereto, and any other documents evidencing or pertaining to the succession of successor trustees. The certification of trust shall not be required to contain the dispositive provisions of the trust which set forth the distribution of the trust estate.

(e)    A person whose interest is, or may be, affected by the certification of trust may require that the trustee offering or recording the certification of trust provide copies of those excerpts from the original trust documents, any amendments thereto, and any other documents which designate, evidence, or pertain to the succession of the trustee or confer upon the trustee the power to act in the pending transaction, or both. Nothing in this section is intended to require or imply an obligation to provide the dispositive provisions of the trust or the entire trust and amendments thereto.

(f)    A person who acts in reliance upon a certification of trust without actual knowledge that the representations contained therein are incorrect is not liable to any person for so acting. A person who does not have actual knowledge that the facts contained in the certification of trust are incorrect may assume without inquiry the existence of the facts contained in the certification of trust. Actual knowledge shall not be inferred solely from the fact that a copy of all or part of the trust instrument is held by the person relying upon the trust certification. Any transaction, and any lien created thereby, entered into by the trustee and a person acting in reliance upon a certification of trust shall be enforceable against the trust assets. However, if the person has actual knowledge that the trustee is acting outside the scope of the trust, then the transaction is not enforceable against the trust assets. Nothing contained herein shall limit the rights of the beneficiaries of the trust against the trustee.

(g)    A person's failure to demand a certification of trust does not affect the protection provided that person by Section 18100, and no inference as to whether that person has acted in good faith may be drawn from the failure to demand a certification of trust. Nothing in this section is intended to create an implication that a person is liable for acting in reliance upon a certification of trust under circumstances where the requirements of this section are not satisfied.

(h)    Except when requested by a beneficiary or in the context of litigation concerning a trust and subject to the provisions of subdivision (e), any person making a demand for the trust documents in addition to a certification of trust to prove facts set forth in the certification of trust acceptable to the third party shall

7

be liable for damages, including attorney's fees, incurred as a result of the refusal to accept the certification of trust in lieu of the requested documents if the court determines that the person acted in bad faith in requesting the trust documents.

(i)       Any person may record a certification of trust that relates to an interest in real property in the office of the county recorder in any county in which all or a portion of the real property is located. The county recorder shall impose any fee prescribed by law for recording that document sufficient to cover all costs incurred by the county in recording the document. The recorded certification of trust shall be a public record of the real property involved. This subdivision does not create a requirement to record a certification of trust in conjunction with the recordation of a transfer of title of real property involving a trust.

8