UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

      Plaintiff,

    v.

JONATHAN REES, a/k/a GREG ELLIS,
a/k/a JONNY REES,

      Defendant.

Case No.: 3:23-CV-1352 (TJM/ML)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF, JANE DOE,
FOR A DEFAULT JUDGMENT**

KENNETH CARUSO LAW LLC
15 West 72nd Street
New York, NY 10023
(646) 599-4970
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.
250 95th Street, Unit #547233
Surfside, Florida 33154
(786) 461-1340
david@labkowskilaw.com

Of Counsel:
    Kenneth A. Caruso
    David Labkowski

**TABLE OF CONTENTS**

STATEMENT OF FACTS ................................................................................................................1

PROCEDURAL HISTORY ............................................................................................................2

    A.    Plaintiff's Claims For Relief .............................................................................................2

    B.    Defendant's Numerous Discovery Failures.......................................................................3

ARGUMENT ...................................................................................................................................7

    POINT I  THE COURT SHOULD ENTER A DEFAULT JUDGMENT ..................................7

    A.    Default Judgment: Default On The Merits.........................................................................7

        i.    First Claim For Relief: 15 U.S.C. § 6851 ................................................................9

        ii.    Seventh Claim For Relief: Malicious Prosecution ....................................................10

        iii.    Eighth Claim For Relief: Fraudulent Transfers........................................................11

    B.    Default Judgment: Discovery Defaults ...........................................................................12

    POINT II  PLAINTIFF'S DAMAGES .......................................................................................13

    A.    Damages That Do Not Require A Hearing.......................................................................13

    B.    Damages Requiring A Hearing ........................................................................................14

CONCLUSION ..............................................................................................................................14

## TABLE OF AUTHORITIES

**CASES**

*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v.*
*Moulton Masonry & Const., LLC*,
779 F.3d 182 (2d Cir. 2015) ...................................................................................13

*Cornejo v. Bell*,
592 F.3d 121 (2d Cir 2010) ....................................................................................10

*Enron Oil Corp. v. Diakuhara*,
10 F.3d 90 (2d Cir. 1993) .........................................................................................8

*Esquivel v. Lima Rest. Corp.*,
No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666 (E.D.N.Y. Sept. 29, 2023) .....7

*Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,
973 F.2d 155 (2d Cir. 1992) ..................................................................................1, 8

*Guggenheim Capital, LLC v. Birnbaum*,
722 F.3d 444 (2d Cir. 2013) ...................................................................................12

*Priestley v. Headminder, Inc.*,
647 F.3d 497 (2d Cir. 2011) .....................................................................................7

**STATUTES**

15 U.S.C. § 6851 ...........................................................................................2, 8, 9, 13

28 U.S.C. § 1331 ........................................................................................................2

28 U.S.C. § 1367 ........................................................................................................2

N.Y. Debt. Cred. Law § 273 .....................................................................................11

N.Y. Debt. & Cred. Law § 276 .................................................................................14

New York Civil Rights Law § 52-b(1) .........................................................................2

**RULES**

Fed. R. Civ. P. 36 ...................................................................................................9, 10

Fed. R. Civ. P. 37 ...................................................................................................1, 12

Fed. R. Civ. P. 55 ...............................................................................................*passim*

Local Rule 55.1 ...........................................................................................................8

Local Rule 55.2 ...................................................................................................1, 7, 8

Plaintiff, Jane Doe ("Plaintiff" or "Jane Doe"), respectfully submits this memorandum of law in support of her motion, pursuant to Federal Rule of Civil Procedure 55(b)(2), Local Rule 55.2, and Rule 37(b)(2)(A)(vi), for the entry of a default judgment against Defendant, Jonathan Rees ("Defendant" or "Rees").

## STATEMENT OF FACTS

On a motion for default judgment, the Court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). Here, the operative Complaint alleges as follows:

Between April 2016 and September 2022, Plaintiff and Defendant were in an on-and-off intimate relationship, which Plaintiff ended on September 6, 2022. *See* Amended and Supplemental Complaint ("ASC"), attached as Exhibit A ¶ 23. After the breakup, Defendant began threatening Plaintiff, initially claiming he would harm himself unless she contacted him. ASC ¶ 28. When that failed, he escalated by emailing Plaintiff's family, friends, and professional associates with defamatory accusations and threats to publish private images, including an intimate visual depiction, if she did not respond. ASC ¶¶ 27, 29-32, 35-37. Defendant continued to contact Plaintiff's family, even harassing her daughter with false and damaging claims about Plaintiff. ASC ¶¶ 32, 37. These actions deeply affected Plaintiff's personal and professional life, causing fear and emotional distress. ASC ¶¶ 39, 59.

Defendant's harassment led Plaintiff to seek and obtain a temporary restraining order from a California court on October 14, 2022, which later became a three-year domestic violence restraining order (DV ROAH), after a trial where the court found Plaintiff credible. ASC ¶¶ 41, 54. Defendant retaliated by filing a domestic violence petition in a New York state court,

making false claims of harassment against Plaintiff, and submitting forged evidence, which led to a temporary restraining order *against* Plaintiff.  That order was dismissed upon discovery of Defendant's forgery.  ASC ¶¶ 42-44, 58. Defendant's continued harassment included falsely reporting Plaintiff to the IRS and TSA and sending false press releases to media organizations, leading Plaintiff to incur legal and security costs.  ASC ¶¶ 45-51.  Defendant's behavior caused Plaintiff significant financial, emotional, and psychological harm.  ASC ¶ 59.

## PROCEDURAL HISTORY

A.    Plaintiff's Claims For Relief

On or about October 31, 2023, Plaintiff commenced this action against Rees, asserting six claims for relief.  ECF 1.  The Court has federal-question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.  Exhibit A ¶¶ 19-21.

On August 26, 2024, Plaintiff sought leave to file an amended and supplemental complaint, ECF 62, which Magistrate Judge Lovric granted on July 18, 2024, ECF 65.  Thus, on September 18, 2024, Plaintiff filed an amended and supplemental complaint, alleging eight claims for relief.  Exhibit A.  To summarize:

- First Claim for Relief: Plaintiff alleges that Defendant violated federal law, 15 U.S.C. § 6851, by disclosing an intimate visual depiction of Plaintiff without consent (ASC ¶¶ 60-66).

- Second Claim for Relief: Plaintiff claims that Defendant violated New York Civil Rights Law § 52-b(1) by disseminating an intimate image of Plaintiff to harass, annoy, and alarm her (ASC ¶¶ 67-74).

2

- <u>Third Claim for Relief</u>: Plaintiff asserts that Defendant threatened to disseminate her intimate image, in further violation of New York Civil Rights Law § 52-b(1), to harass and alarm her (ASC ¶¶ 75-83).

- <u>Fourth Claim for Relief</u>: Plaintiff alleges intentional infliction of emotional distress due to Defendant's extreme and outrageous conduct, which caused severe distress (ASC ¶¶ 84-88).

- <u>Fifth Claim for Relief</u>: Plaintiff claims defamation based on an email sent by Defendant on November 4, 2022, containing false and defamatory statements about her (ASC ¶¶ 89-98).

- <u>Sixth Claim for Relief</u>: Plaintiff alleges defamation regarding a press release that Defendant circulated, which contained false and defamatory statements linking Plaintiff to criminal conduct (ASC ¶¶ 99-112).

- <u>Seventh Claim for Relief</u>: Plaintiff alleges malicious prosecution, claiming that Defendant initiated a baseless domestic violence proceeding against her in New York to retaliate against her and to harm her reputation (ASC ¶¶ 113-119).

- <u>Eighth Claim for Relief</u>: Plaintiff claims that Defendant engaged in fraudulent transfers under New York's Debtor and Creditor Law, transferring assets to hinder, delay or defraud Plaintiff in her capacity as a creditor (ASC ¶¶ 120-128).

B.    <u>Defendant's Numerous Discovery Failures</u>

At the outset of this action, Defendant appeared through counsel, answered the complaint and participated in some discovery. *See generally* ECF 17-24. Thereafter, however, Defendant defaulted at every turn. Thus:

On June 10, 2024, counsel for Rees moved to withdraw.  ECF 36.  Magistrate Judge Lovric ordered a July 18, 2024, conference on Microsoft Teams, and directed Rees to appear and provide the Magistrate Courtroom Deputy with a valid mailing and email address.  ECF 46.  At the July 18, 2024, hearing, "Rees failed to appear . . . . after being directed to[,]" Minute Entry on July 19, 2024, and Magistrate Judge Lovric granted Rees' attorneys motion to withdraw. ECF 49.  The Magistrate Judge noted that he had changed the hearing from in-person to a "Teams teleconference solely in order to accommodate Defendant Rees and at his request."  Text Order July 19, 2024.

Since that July 18, 2024, hearing, Rees has not participated in this action and has failed to comply with each and every Court order and deadline, despite ample warning that he would be subject to sanctions and/or a default judgment.  More specifically, Rees has violated at least 19 specific Orders by Magistrate Judge Lovric.  Thus:

1.	The Magistrate Judge ordered Rees to file a status report by July 29, 2024.  Text Order July 19, 2024.  Rees failed to file a report as ordered.

2.	The Magistrate Judge ordered Rees to file a response to Plaintiff's Motion to Compel Discovery by July 29, 2024.  ECF 49.  Rees failed to provide a response.  Minute Entry July 30, 2024.

3.	On July 19, 2024, the Magistrate Judge ordered Rees to file a status report by July 29, 2024.  ECF 49.  Rees failed to file this status report.  Minute Entry July 30, 2024.

4.	On July 19, 2024, the Magistrate Judge ordered Rees to provide a valid mailing address, email address and telephone number to the Magistrate Judge's Courtroom Deputy by July 29, 2024.  ECF 50.  Rees failed to provide this.  Minute Entry July 30, 2024.

4

5.      On July 19, 2024, the Magistrate Judge ordered Rees to attend a hearing on July 29, 2024.  ECF 49.  Rees failed to attend the hearing.  Minute Entry July 30, 2024.

6.      On July 30, 2024, the Magistrate Judge ordered Rees to file a response to Plaintiff's Motion to Compel Discovery by August 6, 2024.  ECF 52.  Rees failed to provide this response.  Minute Entry August 23, 2024.

7.      On July 30, 2024, the Magistrate Judge ordered Rees to provide a valid mailing address, email address and telephone number to the Magistrate Judge's Courtroom Deputy by August 6, 2024.  ECF 52.  Rees failed to provide this information.  Minute Entry August 23, 2024.

8.      On July 30, 2024, the Magistrate Judge ordered Rees to file a status report detailing why he failed to appear for the Hearing scheduled on July 29, 2024, by August 6, 2024.  ECF 52.  Rees failed to provide this status report.  Minute Entry August 23, 2024.

9.      On July 30, 2024, the Magistrate Judge ordered Rees to provide a status report due by August 14, 2024.  ECF 52.  Rees failed to provide this report.  Minute Entry August 23, 2024.

10.      On July 30, 2024, the Magistrate Judge ordered Rees to appear at a hearing on August 20, 2024.  ECF 52. (This was rescheduled to August 23, 2024.  ECF 59.)  Rees failed to attend this hearing. Minute Entry August 23, 2024.

11.      On July 30, 2024, the Magistrate Judge ordered that Rees must provide all documents requested in Plaintiff's Requests For Production 1-11 and 13-19 by August 12, 2024.  ECF 52.  Rees failed to produce these documents.  Minute Entry August 23, 2024.

12.     On July 30, 2024, the Magistrate Judge ordered Rees to respond to Plaintiff's Interrogatories 1-6 by August 12, 2024.  ECF 52.  Rees failed to respond.  Minute Entry August 23, 2024.

13.     On August 2, 2024, Plaintiff served Amended Requests for Admissions on Rees. Rees was required to respond on or before September 2, 2024.  Rees did not respond.

14.     On August 23, 2024, the Magistrate Judge ordered that Rees must attend a hearing on September 17, 2024. ECF 61.  Rees failed to attend this hearing.  Minute Entry September 18, 2024.

15.     On August 23, 2024, the Magistrate Judge ordered Rees to file a status report by September 6, 2024, which explains why he failed to attend the hearings on 7/18/24, 7/29/24 and 8/23/24.  ECF 61.  Rees failed to file this status report.  Minute Entry September 18, 2024.

16.     On August 23, 2024, the Magistrate Judge ordered Rees to provide a valid mailing address, email address and telephone number to the Magistrate Judge's Courtroom Deputy by September 6, 2024.  ECF 61.  Rees failed to provide this information.  Minute Entry September 18, 2024.

17.     On August 23, 2024, the Magistrate Judge ordered that Rees must produce all documents requested in Plaintiff's Requests For Production 1-11 and 13-19 by September 6, 2024. ECF 61.  Rees failed to provide these document requests.  Minute Entry September 18, 2024.

18.     On August 23, 2024, the Magistrate Judge ordered that Rees must respond to Plaintiff's Interrogatories 1-6 by September 6, 2024.  ECF 61.  Rees failed to file a response. Minute Entry September 18, 2024.

19.    On September 18, 2024, the Magistrate Judge ordered Rees to respond to Plaintiff's Amended and Supplemental Complaint by October 4, 2024.  ECF 65.  Rees failed to do so.

Thereafter, in her November 1, 2024, Status Report, Plaintiff requested leave to seek a default judgment against Rees, ECF 66, both on the merits (Rule 55) and under Rule 37.  Finding that "the time for Defendant Rees to answer or otherwise respond to [the ASC] has expired" and that Rees "failed to comply with multiple court orders, failed to appear at multiple court proceedings, and failed to engage in the discovery process[,]" Magistrate Judge Lovric directed Plaintiff to "file either a request for clerks entry of default or a status report on or before" December 2, 2024.  ECF 67.

Thus, on November 5, 2024, Plaintiff requested the entry of a clerk default as to her Amended and Supplemental Complaint, ECF 69, which the Clerk granted on November 7, 2024, ECF 70, a copy of which is attached as Exhibit B.  Rees "is not in the military service[.]"  *See* Local Rule 55.2(b); Declaration of David Labkowski ¶ 10; Exhibit C.

**ARGUMENT**

**POINT I**

**THE COURT SHOULD ENTER A DEFAULT JUDGMENT**

A.    Default Judgment: Default On The Merits

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment."  *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011).  Thus:

*First*, the Clerk of Court enters a party's default after an affidavit or other evidence shows that the "party against whom a judgment for affirmative relief is sought has failed to plead or

7

otherwise defend." Fed. R. Civ. P. 55(a); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914 (ENV) (MMH), 2023 WL 6338666, at \*3 (E.D.N.Y. Sept. 29, 2023) ("when a party uses an affidavit or other proof to show that a party has 'failed to plead or otherwise defend' against an action, the clerk shall enter a default." (citing Fed. R. Civ. P. 55(a)).

*Second*, "the party must apply to the court for a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)). To "enter or effectuate judgment[,]" the Court is empowered to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Here, Plaintiff completed the first step. Thus:

On November 5, 2024, "[p]ursuant to Rule 55(a)" and "Local Rule 55.1[,]" Plaintiff requested that the Clerk enter "a Default against Defendant[]" for "failure to plead or otherwise defend[.]" ECF 69. That request included a Declaration, which showed that Defendant was served with a copy of the Amended and Supplemental Complaint via email (ECF 69-2), as authorized by the Court (ECF 65), and that Defendant failed to answer and/or otherwise defend. *See* ECF 69-1 ¶¶ 5-6. Thus, on November 7, 2024, the Clerk entered a Clerk's Certificate of Action Taken on Plaintiff's Request for Entry of Default. *See* Exhibit B.

Presently before the Court is the second step: the entry of a default judgment. Plaintiff submits this motion, seeking the entry of a default judgment as to her first, seventh and eighth claims for relief. Plaintiff also submits a proposed Judgment, and proof that Defendant is not actively in the military. Local Rule 55.2(b); Declaration of David Labkowski ¶ 10; Exhibit C.

Although the Second Circuit "generally disfavor[s]" default judgments and has repeatedly expressed a "preference for resolving disputes on the merits[,]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993), nevertheless, in evaluating a motion for default

judgment, the Court accepts as true the plaintiff's well-pleaded factual allegations, except those relating to damages. *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158.

Accepting Plaintiff's well-plead factual allegations as true, she has demonstrated that Defendant is liable on the merits for her first, seventh and eighth claims for relief.  Thus:

      i.      <u>First Claim For Relief: 15 U.S.C. § 6851</u>

A claim arises under 15 U.S.C. § 6851, when "[1] an individual whose intimate visual depiction is [2] disclosed, [3] in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, [4] without the consent of the individual, [5] where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure[.]"  15 U.S.C. § 6851(b)(1)(A).

The allegations in the ASC, taken as true, satisfy all the elements of this claim. Thus:

*First*, Plaintiff "was the individual depicted in the Intimate Visual Depiction."  Exhibit A ¶ 62.  *Second*, "[o]n or about October 11, 2022, and on or about other dates, Defendant disclosed the Intimate Visual Depiction."  *Id*. ¶ 61.  *Third*, "Defendant made the disclosure in and affecting interstate commerce, and using a means or facility of interstate commerce, by means of email, an Internet connection, and/or a cell phone, tablet, and/or computer."  *Id*. ¶ 63.  *Fourth*, "Defendant made the disclosure without the consent of Plaintiff."  *Id*. ¶ 64.  Defendant, furthermore, admitted this allegation by failing to respond to the following request for admissions:

> **Request 4:** With respect to Defendant's prior response, made on or about April 18, 2024, in Defendant's Response to Plaintiff's First Request for Admissions—specifically, the response, "Admits that Defendant sent an image of Plaintiff to a third Person via electronic mail on October 11, 2022"—admit that Defendant sent that image without the consent of Plaintiff.

Exhibit D.  *See* Fed. R. Civ. P. 36(a)(3) (imposing a 30-day limit for response to request for admission).  *Fifth*, "Defendant made the disclosure with knowledge that, and/or with reckless

disregard whether, Plaintiff had not consented to such disclosure." Exhibit A ¶ 65. Defendant, again, admitted this allegation by failing to respond to the following request for admissions:

> **Request 5:** With respect to Defendant's prior response, made on or about April 18, 2024, in Defendant's Response to Plaintiff's First Request for Admissions—specifically, the response, "Admits that Defendant sent an image of Plaintiff to a third Person via electronic mail on October 11, 2022"—admit that Defendant knew that Plaintiff had not consented to the sending of that image.

Exhibit D; 36(a)(3), Fed. R. Civ. P.

### ii.    Seventh Claim For Relief: Malicious Prosecution

"Under New York law, a malicious prosecution claim requires: (1) the initiation of an action by the defendant against the plaintiff, (2) begun with malice, (3) without probable cause to believe it can succeed, (4) that ends in failure or, in other words, terminates in favor of the plaintiff." *Cornejo v. Bell*, 592 F.3d 121, 129 (2d Cir 2010).

The allegations in the ASC, taken as true, satisfy all the elements of this claim. Thus:

*First*, "[o]n or about October 31, 2022, Defendant filed the Retaliatory Petition in the New York Court, thereby initiating a domestic violence proceeding against Plaintiff (the "Retaliatory Proceeding"). Thereafter, Defendant prosecuted the Retaliatory Proceeding." Exhibit A ¶ 114. *Second*, "Defendant commenced and prosecuted the Retaliatory Proceeding with actual malice in that he knew that the allegations in the Retaliatory Petition were false." *Id*. ¶ 115. *Third*, "Defendant fabricated evidence against Plaintiff, he submitted such evidence to the New York Court and he otherwise made and relied upon false statements. . . . Defendant commenced and prosecuted the Retaliatory Proceeding in the absence of probable cause." *Id*. ¶¶ 116-117. *Fourth*, "[o]n or about March 3, 2023, after Defendant's fabrication of evidence came to light, Defendant withdrew the Retaliatory Proceeding, which the New York Court dismissed, thereby terminating the Retaliatory Proceeding in favor of Plaintiff." *Id*. ¶ 118.

10

iii.    Eighth Claim For Relief: Fraudulent Transfers

To state a claim for relief under the New York Uniform Voidable Transactions Act, N.Y. Debtor & Creditor Law §§ 270-281, a Plaintiff must establish that (1) a Defendant made a transfer, and did so (2) "with actual intent to hinder, delay or defraud any creditor of the debtor[.]" N.Y. Debt. Cred. Law § 273(a)(1). "In determining actual intent. . . . consideration may be given, among other factors, to whether: . . . . before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit[.]" N.Y. Debt. Cred. Law § 273(b)(4).

*First*, beginning in 2021, Defendant possessed property located at 680 State Highway 220, McDonough, New York 13801 (the "Property"). Exhibit A ¶ 121. Plaintiff commenced this action on or about October 31, 2023, and no later than December 13, 2023, Defendant knew of the pendency of this action. *Id*. ¶ 124. Thereafter, on December 28, 2023, Defendant transferred the Property, for at least $999,999, which Defendant then transferred out of, and removed from, the State of New York. *Id*. ¶ 125; Exhibit F. *Second*, Defendant made the foregoing transfers (the "Transfers") with actual intent to hinder, delay and defraud Plaintiff. In particular:

(a)    before the Transfers were made, Defendant had been sued by Plaintiff;

(b)    the Transfers transferred substantially all of Defendant's assets;

(c)    Defendant has concealed the Proceeds;

(d)    Defendant has removed the Proceeds from the State of New York;

(e)    Defendant has absconded from the State of New York;

(f)    Defendant has failed and refused to provide his current address for use in this action;

(g)    Defendant retained possession and control of the Proceeds after the Transfers;

(h)    Defendant became insolvent shortly after the Transfers were made; and/or

(i)    On or about January 23, 2024, Defendant's counsel stated to Plaintiff's counsel that Defendant is "judgment-proof."

*Id*. ¶ 126.

The Transfers, therefore, are fraudulent as against Plaintiff, and as a result of the Transfers, Plaintiff suffered damages. *Id*. ¶¶ 127-128.

B.      Default Judgment: Discovery Defaults

Defendant's conduct also warrants a default judgment under Rule 37.

Under Fed. R. Civ. P. 37(b)(2)(A)(vi), "[i]f a party . . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . . 37(a), the court where the action is pending may issue further just orders[]" such as "rendering a default judgment against the disobedient party[.]"

Remedies under Rule 37, such as "dismissing a complaint or entering judgment against a defendant—are severe sanctions, but they may be appropriate in extreme situations, [such] as when a court finds willfulness, bad faith, or any fault on the part of the noncompliant party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450–51 (2d Cir. 2013).

Here, in sum, Defendant has failed to comply with three orders compelling discovery:

*First*, on July 30, 2024, the Court granted, in pertinent part, Plaintiff's motion to compel discovery. *See* ECF 34. Specifically, the Court ordered Rees to produce certain documents and to answer certain interrogatories, and to do so by August 12, 2024. *See* ECF 52.

*Second*, on September 17, 2024, the Court granted Plaintiff's motion to compel Rees to respond to Plaintiff's request that Rees provide certain corrections to his prior discovery responses. *See* ECF 63 at 1, for details and background.

*Third*, on September 17, 2024, the Court granted Plaintiff's motion to compel Rees to respond to Plaintiff's Amended Third Request for Admissions. *See* ECF 63 at 2, for details and background.

Rees did not obey any of those three orders for discovery.  Thus, a default judgment under Rule 37(b)(2)(A)(vi) is warranted.

**POINT II**

**PLAINTIFF'S DAMAGES**

"Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that on the matter of damages[,] the court may conduct such hearings or order such references as it deems necessary and proper[.]  That rule allows but does not require the district judge to conduct a hearing." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (cleaned up).

Plaintiff seeks damages and other relief on her first, seventh and eighth claims for relief. Plaintiff respectfully requests that the Court award damages and relief for her first and eighth claims without a hearing and that the Court hold a hearing as to damages for her seventh claim.

A.      Damages That Do Not Require A Hearing

With respect to her first and eighth claims for relief, Plaintiff respectfully suggests that the Court can and should award relief without a hearing, as follows.

First Claim for Relief: Under the applicable federal statute, Plaintiff seeks to "recover . . . . liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred; and . . . . equitable relief [in the form of a] permanent injunction ordering the [D]efendant to cease display or disclosure of the visual depiction."  15 U.S.C. § 6851(b)(3)(i)-(ii).  Here, Plaintiff has so far incurred $53,186.05 in "reasonable attorney's fees and other litigation costs reasonably incurred[,]" and will supplement this at a hearing.  Declaration of Jane Doe ¶ 4; Exhibit E;  Declaration of David Labkowski ¶¶ 12-13.  Thus, for her first claim for relief, Plaintiff seeks $203,186.05 (plus an

13

amount for attorneys' fees to be supplemented), and a permanent injunction against further publication of the intimate visual depiction.

Eighth Claim for Relief: Plaintiff seeks damages and equitable relief for the fraudulent transfer of Defendant's house and land, under New York Debtor & Creditor Article 10.  More specifically, she seeks a money judgment in the amount of the transfer, a declaratory judgment avoiding the transfer and "an injunction against further disposition by [Defendant.]"  *See* N.Y. Debt. & Cred. Law § 276 (a)(1), and (a)(3)(i).

B.    Damages Requiring A Hearing

Plaintiff respectfully requests that the Court "conduct [a] hearing[] or make [a] referral[]" to "determine [Plaintiff's] amount of damages[,]" Rule 55(b)(2)(B), as to malicious prosecution, her seventh claim for relief.  At such a hearing, Plaintiff will present testimony and exhibits supporting her claim for damages, which will include out-pocket expenses, lost income, general damages (to character, reputation, health, well-being, mental suffering and humiliation) and punitive damages.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion and the relief requested.

Dated: November 22, 2024
        New York, New York                    Respectfully Submitted,

                                              KENNETH CARUSO LAW LLC

                                              By:  /s/ Kenneth A. Caruso
                                              Kenneth A. Caruso
                                              15 W. 72nd Street
                                              New York, NY 10023
                                              (646) 599-4970
                                              ken.caruso@kennethcarusolaw.com

                                              LABKOWSKI LAW, P.A.

14

By:  /s/ David Labkowski
David Labkowski
250 95th Street, Unit #547233
Surfside, Florida 33154
(786) 461-1340
david@labkowskilaw.com

*Attorneys for Plaintiff,*
*Jane Doe*