U.S. DISTRICT COURT – N.D. OF N.Y.

**FILED**

**Jan 20 - 2025**

John M. Domurad, Clerk

# JONATHAN REES

Jan 20, 2025

Honorable Miroslav Lovric
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

**Re: Doe v. Rees, Case No. 23-cv-1352-TJM-ML**

Dear Judge Lovric,

I am writing to respectfully request a stay of the proceedings in the above-referenced civil matter. This request arises due to the recent developments introduced by the plaintiff's counsel, where they filed opposition papers that included references to a pending criminal matter in Chenango County on Dec 20, 2024, to which a plea of not guilty was entered.

This inclusion has significantly altered the procedural landscape of this civil action.

The introduction of criminal proceedings into the civil context directly impacts Defendant's ability to defend himself adequately in the civil case. Specifically, the inclusion of the criminal matter compels Defendant's to assert his Fifth Amendment rights against self-incrimination. As a result, Defendant is unable to respond to certain allegations, file motions, or otherwise participate in the civil proceedings without risking self-incrimination in the criminal case. This scenario is precisely what the courts have addressed in various precedents:

- In Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995), the court recognized that when civil and criminal proceedings are intertwined, a defendant's Fifth Amendment rights could be compromised, thereby justifying a stay of civil proceedings until the criminal case is resolved.
- Similarly, SEC v. Dresser Industries, Inc., 628 F.2d 1368 (D.C. Cir. 1980), holds that a stay may be necessary where the interests of justice so require, particularly when a defendant's rights under the Fifth Amendment are at risk.

Given these legal precedents, the necessity for a stay is clear. Defendant is currently precluded from providing responses that would otherwise be essential to his defense in this civil matter. Without the protection of a stay, Defendant faces the untenable position of either risking self-incrimination in the criminal case or forgoing his defense in the civil case:

    •     The potential prejudice to Defendant if the civil case proceeds concurrently with the criminal case is significant. Defendant's inability to fully participate in the civil litigation would undoubtedly skew the fairness of the proceedings.

    •     Furthermore, there is no indication that a stay would unduly burden the Plaintiff, as the civil issues can be addressed once the criminal proceedings conclude, ensuring both parties' rights are preserved.

Therefore, I urge this honorable court to grant a stay of proceedings in the civil case until the conclusion of the criminal matter. This would preserve the integrity of both legal actions, uphold Defendant's constitutional rights, and ensure that justice is served in an orderly and fair manner.

Thank you for your consideration of this matter. I am prepared to provide any further documentation or argument that the court might require.

Respectfully,

_____

Jonathan Rees