UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JANE DOE,

      Plaintiff,

  v.                   3:23-cv-1352
                         (ECC/ML)

JONATHAN REES, a/k/a GREG ELLIS,
a/k/a JONNY REES,

      Defendant.

---

**Elizabeth C. Coombe, United States District Judge**[1]

**DECISION & ORDER**

Plaintiff Jane Doe filed this action pursuant to 15 U.S.C. § 6851 and New York State law alleging the non-consensual disclosure of an "intimate visual depiction" without her consent against Defendant Jonathan Rees, a/k/a Greg Ellis, a/ka/ Jonny Rees. Dkt. No. 1. The Amended Complaint also alleges intentional infliction of emotional distress, defamation, malicious prosecution, and fraudulent transfer of property to avoid judgment. Amended Complaint, Dkt. No. 64. Presently before the Court are Plaintiff's motion for default judgment, Dkt. No. 74, and Defendant's motion to vacate the entry of default and stay proceedings, Dkt. No. 82. The motions are fully briefed. Dkt. Nos. 89, 90, 93, 94. In addition, Defendant seeks a stay, appointment of pro bono counsel or other remedy. Dkt. No. 103 at 2. For the following reasons, Defendant's motion to vacate the entry of default is granted; Defendant's motion and request for a stay in the

---

[1] This case was originally assigned to Senior United States District Judge Thomas J. McAvoy and has been since reassigned to the undersigned.

1

proceedings is denied; and Plaintiff's motion for default judgment is denied. Plaintiff's request for the appointment of counsel is referred to United States Magistrate Judge Miroslav Lovric.

## I.     Background

Plaintiff filed her original Complaint on October 31, 2023. Dkt. No. 1. Defendant, represented by counsel, answered the Complaint on January 16, 2024. Dkt. No. 16. On July 19, 2024, the attorneys representing Defendant withdrew, and Defendant began to represent himself. Dkt. 49. Plaintiff filed an Amended Complaint on September 18, 2024, Dkt. No. 64, and on November 1, 2024, she filed a status report asking Judge Lovric to "authorize Plaintiff to move for a default judgment under Rule 55(b)(2)" because Defendant had not complied with the deadline to answer the Amended Complaint. Dkt. No. 66. By that point, Defendant had ignored approximately 19 orders. *See* Pl. Mem., Dkt. 89 at 4-7. In response to Plaintiff's motion for default judgment, Judge Lovric issued a text order (1) stating that "Defendant Rees has failed to comply with multiple court orders, failed to appear at multiple court proceedings, and failed to engage in the discovery process; (2) warning Defendant that such conduct could lead to an entry of judgement against him; and (3) directing Plaintiff "to file either a request for clerk's entry of default or a status report on or before 12/2/2024." Dkt. No. 67.

Plaintiff filed a request for entry of default with the Clerk of Court on November 5, 2024. Dkt. No. 69. The Clerk entered default for Plaintiff on November 7, 2024. Dkt. No. 70. Plaintiff filed her motion for default judgment on November 22, 2024. Dkt. No. 74. On the same day Plaintiff filed the motion for default judgment, Defendant called the Courtroom Deputy. Dkt. No. 78. He immediately began filing requests for relief including leave to proceed anonymously and a stay of the case. Dkt. Nos. 78, 80, 82, 84, 92, 100. Judge Lovric denied all of the motions except the motion to vacate the default and stay the proceedings, which is presently before the Court.

Dkt. Nos. 79, 81, 85, 96, 101. Plaintiff has not appealed any of the non-dispositive findings from Judge Lovric.

Both before and after Plaintiff filed the Amended Complaint Judge Lovric repeatedly warned Defendant that his "failure to comply with court orders or failure to engage in the discovery process or failure to appear for hearings and court appearances may result in sanctions being imposed against Defendant Rees including a judgment being issued against Defendant Rees." Dkt. Nos. 52, 59, 61, 65, 67.

**II.     Motion to Set Aside Entry of Default**

Defendant argues that his default was not willful because on May 28, 2024, he "explicitly informed his prior counsel of the deactivation of his former email address," and he did not receive subsequent court notices, but when he learned "of the ongoing court proceedings" in November 2024, he "immediately took proactive steps to engage with the legal process as a pro se litigant." Defendant's Motion, Dkt. No. 82, ¶¶ 1, 2, 6. Defendant also points out that he is representing himself and claims that associates of Plaintiff have attempted to harm him. *Id.* at ¶ 15.

Plaintiff responds that there is reason to doubt Defendant's claim that his email was deactivated given (1) the coincidence that after a six-month disappearance, he contacted the clerk's office on the day that Plaintiff filed her motion for default judgment, (2) documents in the record, and (3) Defendant's history of deceptive conduct including the submission of forged documents in a New York action. Dkt. No. 89 at 12-16. She also argues that Defendant's disappearance caused her prejudice and that the "passage of more time will only exacerbate the difficulties of discovery," "lead to the loss of evidence," and likely permit Defendant further delay the case. *Id.* at 18. Finally, Plaintiff points out that Defendant has "neither stated, nor provided evidence of, any meritorious defense." *Id.* at 19.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause[.]" FED. R. CIV. P. 55(c). The decision to set aside an entry of default is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Co. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). Still, "because defaults are generally disfavored and reserved for rare occasions, when doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96. In deciding whether to vacate a default, a court should consider: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Id.*

"Willfulness 'is the most significant factor' but is not dispositive." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (quoting *In re Orion HealthCorp., Inc.*, 95 F.4th 98, 104 n.4 (2d Cir. 2024)). "Willfulness in this context 'looks to egregious or deliberate conduct' that 'was not satisfactorily explained.'" *Id.* (quoting *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023) and *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)). "[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (internal quotation marks and citations omitted)).

Here, the entry of default was based on Defendant's failure to litigate, not Defendant's other conduct during the case.[2] Even setting aside Plaintiff's argument that Defendant's

---

[2] Default judgment may be a sanction for discovery violations. *See Guggenheim Cap., LLC v. Birnbaum,* 722 F.3d 444, 459 (2d Cir. 2013) ("If a party . . . fails to obey an order to provide or

4

representation regarding his email account are false, the default appears to be willful because Defendant, who had already delayed this case, further delayed this case by failing to keep his contact information current even though Judge Lovric specifically directed him to do so. On the other hand, after the delay, Defendant promptly responded to the entry of default by filing a motion to vacate, and he has therefore not abandoned the litigation. Defendant is also proceeding pro se, which creates complications even for the most well-resourced and educated of litigants representing themselves. As a result, Defendant's conduct, by itself, is not so egregious that his motion must be denied.

As for whether Plaintiff suffered prejudice from the delay, Plaintiff has not pointed to any specific loss of evidence or witnesses.[3] In addition, although discovery has been challenging and Defendant has resisted providing information likely required by the discovery rules, Judge Lovric has closely supervised discovery, and he will make sure that Defendant participates in discovery or faces sanctions. This factor therefore weighs in favor of vacating the default.

Finally, as to whether a potentially meritorious defense exists, the Court understands that Plaintiff has alleged egregious conduct that may expose Defendant to substantial liability, but at this stage of the litigation, Defendant denies those allegations. In addition, some of Plaintiff's claims, such as infliction of emotional distress, require that she produce evidence of the damage caused by Defendant's alleged conduct. This is a complicated factual matter, and Defendant may have valid defenses. This factor therefore weighs in favor of vacating the default.

After carefully considering all of the relevant factors, including the preference for deciding cases on the merits, Defendant's motion is granted, and the default is vacated. Nevertheless, the

---

permit discovery," the district court may impose sanctions, including "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi)).
[3] Plaintiff's Amended Complaint adds a claim related to this alleged fraudulent transfer.

Court recognizes that both Plaintiff and Judge Lovric have been understandably frustrated by Defendant's conduct in this case.[4] As a result, this Court notifies Defendant that he is expected to (1) follow Court orders and rules; (2) participate appropriately in the discovery process; and (3) not engage in harassing conduct.  In addition, this Court warns Defendant that if he (1) continues to disregard Court orders and rules; (2) delays and disregards the discovery process; or (3) engages in harassing conduct, then he could face sanctions including a default judgment.  *See Guggenheim,* 722 F.3d at 450-51 (explaining that entering a judgment against a defendant is a "severe" sanction, but "may be appropriate in "extreme situations," as "when a court finds willfulness, bad faith, or any fault on the part of the" noncompliant party.) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir.1990)).  Sanctions can be imposed based on a motion filed by the Plaintiff, a recommendation from Judge Lovric, or by this Court on its own action.

### III.     Defendant's Request to Stay the Proceedings

Defendant seeks a stay of the proceedings because he is representing himself, and he needs "adequate time to obtain and review all relevant court documents, filings, and orders to fully understand the case's status, arguments presented, and evidence on record."[5] Dkt. No. 82 at 12; Dkt. 103.  Without a stay, he "cannot effectively prepare his defense or respond appropriately to the complexities of the litigation." *Id.* at 13.  Defendant's request for a stay is denied.

Although it is time consuming to review court filings and legal doctrines particularly without legal training, Defendant has already caused delay in this case, and his request for a stay

---

[4] Judge Lovric has repeatedly warned Defendant about the consequences of failing to follow Court orders and the responsibilities of a party proceeding *pro se*.  Plaintiff is suspicious about Defendant's plans and motives in this case, and she alleges ongoing conduct that is likely to cause her substantial harm.

[5] The Court does not address Judge Lovric's denial of motions to stay because Defendant has not appealed any of those decisions.

so that he can become familiar with the case is inconsistent with the efficient administration of justice. Like every litigant, Defendant must process information and legal arguments as discovery proceeds and do his part to move the case toward conclusion. If appropriate, Defendant may ask Judge Lovric for an extension of time for a specific deadline, but as explained above, if Defendant causes unnecessary delays, he may be sanctioned.

### IV.     Motion for Default Judgment

Plaintiff's motion for default judgment is denied as moot.

### V.      Conclusion

For the reasons stated above, Defendant's motion to vacate the entry of default and for a stay in proceedings, Dkt. No. 82, is hereby **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** with respect to vacating the entry of default and **DENIED** with respect to staying the case. Defendant's request for a stay and appointment of counsel is **DENIED** with respect to a stay of the case and **REFERRED** to the Magistrate Judge with respect to the appointment of counsel. Dkt. No. 103. Plaintiff's motion for default judgment, Dkt. No. 74, is hereby **DENIED**.

**IT IS SO ORDERED**

**Dated:** August 12, 2025.

Elizabeth C. Coombe
U.S. District Judge