# JONATHAN REES

August 28, 2025

U.S. DISTRICT COURT – N.D. OF N.Y.
**FILED**
**Aug 28 - 2025**
John M. Domurad, Clerk

Honorable Miroslav Lovric

Federal Building and U.S. Courthouse

15 Henry Street

Binghamton, NY 13901

Re: **Doe v. Rees, Case No. 23-cv-1352-TJM-ML**

**Letter Motion to Compel Disclosure of Plaintiff's Identity**

Dear Judge Lovric,

I, Jonathan Rees, the pro se Defendant in the above-captioned case, respectfully submit this Letter Motion to Compel Disclosure of Plaintiff's True Identity, pursuant to Federal Rules of Civil Procedure 10(a) and 26(c), and Local Rule 7.1(b) of the Northern District of New York. Although Plaintiff was granted leave to proceed anonymously as Jane Doe, continued anonymity is unwarranted under the Second Circuit's ten-factor test in *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185 (2d Cir. 2008), as it severely prejudices my defense, undermines the strong presumption of open judicial proceedings, and enables one-sided reputational attacks against me as a public figure. Plaintiff and her associate, April Chandler (a third-party witness), have publicly disclosed case details on social media, news outlets, and to my personal and professional contacts, escalating risks to my safety while shielding Plaintiff from accountability.

Fairness demands disclosure, as my own Motion for Leave to Proceed Anonymously—despite documented life-threatening violence by Ms. Chandler—was denied. Targeted sealing under FRCP 5.2, 26(c), and Local Rule 5.3 adequately protects any legitimate privacy interests without perpetuating this grave injustice to me and the public interest.

**NOTICE OF MOTION**

Please take notice that I move the Court for an order compelling Plaintiff to disclose her true

identity, amend the complaint accordingly, and permit targeted sealing of sensitive documents as an alternative to anonymity, for the reasons below.

**DECLARATION IN SUPPORT**

I, Jonathan Rees, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am the pro se Defendant and have not been served with the Amended Complaint, hindering my ability to respond or investigate claims tied to Plaintiff's anonymous identity. This non-service, coupled with anonymity, deprives me of the fundamental ability to defend myself, violating due process.
2. Plaintiff's anonymity severely prejudices my defense: Without her identity, I cannot verify allegations, conduct effective discovery, assess credibility, locate witnesses, or assert counterclaims (e.g., defamation, abuse of process, or malicious prosecution arising from Plaintiff's public attacks). This prejudice is magnified by the case's two-year duration and recent vacatur of default on August 12, 2025, which resets proceedings while anonymity obstructs my ability to engage in a fair defense.
3. Since the inception of these proceedings on October 31, 2023, Plaintiff and her associate, April Chandler, have publicly posted about the case on social media, websites, and other platforms, sharing details that identify and target me. Court papers have been disseminated to news publications, friends, family, and my business associates, fueling reputational attacks and placing me at further risk of harm—especially from Ms. Chandler, against whom I hold three criminal orders of protection due to her August 8, 2023, attempt on my life. These public disclosures, evidenced in Exhibit C, negate Plaintiff's claim to anonymity while exacerbating my vulnerability, as Ms. Chandler's actions—including shooting at me and two others—have led to felony charges and an imminent trial.
4. As a public figure, I face heightened prejudice from anonymity: It denies me the presumption of innocence by allowing anonymous accusations to circulate publicly without rebuttal, causing irreparable reputational harm online and professionally. Plaintiff's and Ms. Chandler's postings have created a one-sided narrative, exploiting my public status while shielding Plaintiff, undermining the integrity of these proceedings.

5. Factual disputes in this case—including the veracity of Plaintiff's allegations, Ms. Chandler's role as a witness, and the underlying events giving rise to the claims—require disclosure of Plaintiff's identity to enable proper investigation, cross-examination, and resolution. Anonymity obstructs these processes, rendering the litigation fundamentally unfair and preventing me from confronting my accuser.

6. Fairness demands disclosure, as my Motion for Leave to Proceed Anonymously Due to Imminent Danger was denied despite concrete evidence of threats (e.g., Ms. Chandler's felony charges for attempting to murder me and ongoing violations of protection orders). Plaintiff's retention of anonymity, while I am exposed to public attacks and physical danger, constitutes an intolerable inequity, particularly given her public disclosures.

7. The litigation does not involve matters of utmost intimacy warranting continued anonymity; any privacy concerns can be addressed through targeted sealing of specific documents, protecting Plaintiff without concealing her identity from me or the public.

**MEMORANDUM OF LAW**

Federal Rule of Civil Procedure 10(a) mandates that complaints name all parties, establishing a strong presumption against anonymity in federal proceedings. Pseudonyms are permitted only in "exceptional" cases where the plaintiff's privacy interests substantially outweigh the public's interest in open courts and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). The Second Circuit's ten-factor test, rigorously applied here, demonstrates that continued anonymity is unjustifiable, as Plaintiff's public disclosures, my status as a public figure, the factual nature of the dispute, and the availability of sealing overwhelmingly favor disclosure. Plaintiff's actions have weaponized anonymity to harm me while evading accountability, violating fundamental fairness and due process.

Courts in this circuit consistently deny or revoke anonymity absent extraordinary circumstances, prioritizing transparency and defendant rights. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 115 (2d Cir. 2024) (denying pseudonymity where privacy did not outweigh prejudice and public interest); *Doe v. Combs*, No. 1:2024cv07776, 2024 WL 4246276, at *3 (S.D.N.Y. Oct. 4, 2024) (denying anonymity due to defendant prejudice); *Doe 1 v. Alexander*, No. 1:2025cv02108, 2025 WL 1927142 (S.D.N.Y. Apr. 15, 2025) (revoking anonymity for public interest); *Roe v. City of*

*New York*, No. 1:2024cv02412, 2024 WL 4404186 (S.D.N.Y. Oct. 3, 2024) (denying where harms not extraordinary).

Public Interest and Fairness: As a public figure, I face acute prejudice from Plaintiff's anonymity, which enables unchecked accusations via social media, news outlets, and direct dissemination to my personal and professional circles. These attacks erode my presumption of innocence, causing irreparable reputational harm and exploiting my public status while shielding Plaintiff from scrutiny. This one-sided narrative, amplified by Plaintiff's and Ms. Chandler's public postings, undermines the integrity of judicial proceedings and public trust in their openness. Anonymity effectively licenses Plaintiff to prosecute a public smear campaign while denying me the ability to confront my accuser, a violation of basic fairness. *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (reciprocity required when defendants face similar risks); *Doe v. Solera Capital LLC*, No. 1:18-cv-1769, 2019 WL 1437520, at *2 (S.D.N.Y. Mar. 31, 2019) (denying anonymity where plaintiff's public actions negated privacy claims); *James v. Jacobson*, No. 1:2019cv07103, 2020 WL 1424966 (S.D.N.Y. Mar. 23, 2020) (denying pseudonymity for public figure plaintiff whose identity was partially public). The public interest in transparency is paramount, particularly when Plaintiff's disclosures have already thrust the case into the public sphere, targeting me while she remains cloaked. *See Anonymous Civil Litigants*, Reporters Committee for Freedom of the Press (2015) (public interest overrides anonymity absent compelling need); *Public Access to Civil Court Records*, 84 U. Cin. L. Rev. 1183 (2016) (transparency ensures judicial accountability).

**FACTUAL DISPUTES REQUIRING IDENTITY**

The case centers on factual disputes—including the truth of Plaintiff's allegations, Ms. Chandler's credibility and involvement as a key witness, and the events underlying the claims—that necessitate Plaintiff's identity for investigation, cross-examination, and resolution. Anonymity prevents me from accessing witnesses, verifying claims, or pursuing counterclaims (e.g., defamation based on Plaintiff's public statements), obstructing my constitutional right to a meaningful defense. *See Doe v. Freydin*, No. 1:2021cv07971, 2021 WL 6050010, at *3 (S.D.N.Y. Dec. 20, 2021) (ordering disclosure where anonymity impeded defense); *Doe v. Shakur*, 164 F.R.D. at 361 (denying anonymity where credibility was at issue); *Procedural Issues*

*in Unmasking Anonymous Internet Defendants* (2010) (identity critical for factual disputes). Non-service of the Amended Complaint, as detailed in my pending Letter Motion for Extension of Time (filed August 27, 2025), compounds this prejudice, as I cannot even access the allegations, rendering anonymity a direct barrier to due process under FRCP 4 and *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (due process requires notice enabling a meaningful defense).

**SEALING AS AN ALTERNATIVE**

Targeted sealing or redaction under FRCP 5.2, 26(c), and Local Rule 5.3 is a precise, equitable alternative to anonymity, protecting any legitimate privacy concerns while restoring fairness and mitigating my reputational harm from Plaintiff's and Ms. Chandler's public attacks. Sealing would shield specific sensitive information (if any) without concealing Plaintiff's identity, leveling the playing field and preserving my presumption of innocence. This is critical given the documented online and media assaults, which exploit anonymity to damage me while Plaintiff remains unaccountable. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (sealing requires specific, compelling reasons, not blanket anonymity); *Doe v. Combs*, 2024 WL 4246276, at *4 (suggesting sealing as alternative where public disclosures present); *Keeping Secrets a Better Way* (Redgrave LLP, 2022) (sealing superior to anonymity). My status as a public figure and the ongoing reputational damage necessitate sealing to counter Plaintiff's selective disclosures, ensuring judicial fairness and public trust.

**EQUITABLE AND CONSTITUTIONAL IMPERATIVES**

Continued anonymity violates my Fifth Amendment due process rights by denying a fair opportunity to defend myself, particularly as a pro se litigant entitled to leniency under *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court's denial of my anonymity motion—despite Ms. Chandler's documented violence (Exhibit D)—underscores the inequity of allowing Plaintiff's anonymity, especially given her public attacks. Granting this motion is essential to restore procedural fairness, protect my safety, and uphold the judiciary's commitment to transparency and equal justice. Denial would embolden Plaintiff's campaign of harm, effectively punishing me for defending myself while rewarding her anonymity-fueled attacks.

**REQUEST FOR RELIEF**

I respectfully request that the Court:

1. Compel Plaintiff to disclose her true identity and amend the complaint accordingly;
2. Permit targeted sealing of sensitive documents as an alternative to anonymity; and
3. Grant any other relief the Court deems just and proper.

Thank you for your consideration.

Respectfully submitted,

_____
Jonathan Rees