UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JANE DOE,

       Plaintiff,

   v.

JONATHAN REES, a/k/a GREG ELLIS,
a/k/a JONNY REES,

      Defendant.

Case No.: 3:23-CV-1352 (ECC/ML)

**PLAINTIFF'S STATUS REPORT**

Pursuant to the Hearing held on June 29, 2026, and the Court's Text Order dated June 30, 2026, ECF No. 175, Plaintiff, Jane Doe ("Plaintiff"), makes the following status report:

\*      \*      \*

Identify Lawsuits: On June 30, 2026, Plaintiff supplemented her responses and objections to Defendant's Second Set of Interrogatories, identifying the lawsuits she has been involved in since 2011. Plaintiff supplemented those responses, again, on July 7, 2026, and confirms that her responses are, to the best of her knowledge, complete.

Medical Providers: On July 9, 2026, Plaintiff supplemented her responses and objections to Defendant's Second Set of Interrogatories, identifying additional medical providers she has seen. Plaintiff confirms, after a reasonable and diligent search, that the list is now complete, to the best of her recollection.

Redactions: Plaintiff made additional productions, reproducing financial reports and tax returns in unredacted form (except for social security numbers, EINs, and her address, as allowed by a restraining order she obtained against Defendant). Plaintiff confirms, after a reasonable and

diligent search, that she has reproduced materials that were previously redacted and believes that this issue is now resolved.

Computer Status: As previously reported by Defendant, his former fiancée was holding his computer pursuant to a citation served upon her (similar to a New York post-judgment restraining notice). Since then, Plaintiff's counsel in Illinois has attempted, on several occasions, to meet and confer with Defendant's Illinois counsel to arrange for the device to be imaged and returned to counsel for Mr. Rees. That process has proceeded slowly, on Defendant's side, perhaps to give Defendant an excuse for not producing documents and/or to permit Defendant to represent to the Court that he no longer possesses his computer and that Plaintiff is holding it.

Plaintiff's counsel nevertheless followed up and ultimately requested that Defendant's counsel in this action accept delivery of the device. Although Defendant's counsel initially agreed and provided the address of their Manhattan office, they later reversed course and requested that the computer instead be sent directly to Defendant at an Indiana residence (an address that Defendant has asserted in other litigation does not belong to him and at which he does not reside). Plaintiff, however, will not agree to send the computer directly to Mr. Rees, given his history of doctoring evidence. Indeed, he remains under indictment for such conduct.

As of the filing of this status report, Plaintiff continues to seek to return the computer to Defendant's counsel and, notwithstanding the delays encountered, intends to promptly ship the device to Defendant's counsel in this action.

April Chandler Deposition: Plaintiff has nothing to report on this issue. Plaintiff, however, objects to the discovery deadline being extended for Ms. Chandler's deposition.

By way of background, Defendant's current counsel entered this case in or about November 2025 and has consistently maintained that Ms. Chandler is a critical witness,

2

repeatedly representing that they intended to depose her.  Despite that position, Defendant did not provide Plaintiff with a Rule 45(a)(4) notice of an intent to subpoena Ms. Chandler until May 21, 2026.  Moreover, Defendant's counsel is actively litigating on behalf of Defendant against Ms. Chandler in separate litigation, has long possessed her contact information, and presumably has had ongoing access to communicate with her.  Yet it was not until the most recent conference—less than four weeks before the July 24, 2026, discovery deadline—that Defendant represented to the Court that Ms. Chandler had only recently agreed to accept service by email and would not be available for deposition until September.

Having waited until the eleventh hour to address an issue that has been apparent for months, Defendant cannot now seek to reopen or extend discovery based on circumstances of his own making.  This case has already been substantially delayed as a result of Defendant's six-month-long default, ECF 70, and the ensuing litigation in which he lied that he deactivated his email address to get out of default.  *See, e.g.*, ECF 138 at 12-13; ECF 138-2.  Plaintiff, meanwhile, has incurred significant expense and prejudice throughout those delays.  The Court has repeatedly made clear that the July 24, 2026, discovery deadline would not be extended.  Under these circumstances, the Court should require that Defendant live with the consequences of his strategic decisions and lack of diligence.

Accordingly, Plaintiff objects to any extension of discovery to permit the deposition of Ms. Chandler or any other witness.

Discovery Status: Plaintiff continues to meet and confer with Defendant on several deficiencies in his discovery response and productions.  Given that the meet-and-confer process is ongoing, Plaintiff has nothing additional to report at this time.

3

Dated:  July 13, 2026
      New York, New York

Respectfully submitted,

KENNETH CARUSO LAW LLC

By:   /s/ Kenneth A. Caruso
      Kenneth A. Caruso
      15 W. 72nd Street
      New York, NY 10023
      (646) 599-4970
      ken.caruso@kennethcarusolaw.com

-and-

LABKOWSKI LAW, P.A.

By:   /s/ David Labkowski
      David Labkowski
      347 Fifth Avenue, Suite 1402
      New York, NY 10016
      (786) 461-1340
      david@labkowskilaw.com

*Attorneys for Plaintiff,*
*Jane Doe*