Clayman Rosenberg Kirshner & Linder LLP

60 East 42nd Street
Suite 3900
New York, NY 10165
T: 212-922-1080
F: 212-949-8255

Paul Hugel
Partner
hugel@clayro.com

September 17, 2026

*VIA CM/ECF*
Hon. Miroslav Lovric
United States Magistrate Judge
United States District Court
Northern District of New York
15 Henry Street
Binghamton, NY 13901

Re: *Doe v. Rees*; Case No. 3:23-cv-01352-ECC-ML

Dear Judge Lovric:

This firm represents Defendant Jonathan Rees in the above-captioned matter. We write to request a modification of the Confidentiality Stipulation and Protective Order entered in this Action on February 29, 2024 (ECF No. 27, the "Protective Order"). Specifically, Defendant asks the Court to modify Paragraph 13 of the Protective Order to permit defense counsel to retain possession of all Discovery Material designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY" in this Action until the termination of another lawsuit — *Jane Doe et al. v. Rees*, No. 3:24-cv-274 (MAD/ML) (the "AC Lawsuit")[1]. The AC Lawsuit is also assigned to Your Honor, and we represent Mr. Rees in that action as well.

As set forth in detail below, the reason for this request is that, absent modification, the Protective Order requires us to destroy documents in our possession that are material and relevant to the AC Lawsuit, and those documents may be impossible or inordinately difficult to reacquire. The undersigned conferred with Plaintiff's counsel regarding this request. Plaintiff opposes the modification.

**Background**

Paragraph 13 of the Protective Order requires each Party, upon final termination of this Action, to make reasonable efforts to destroy all Discovery Material designated

---

[1] For the sake of clarity, the plaintiff in the 2023 *Doe v. Rees* lawsuit will be referred to herein as "Plaintiff" and the plaintiff in the AC Lawsuit will be referred to as "AC."

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEY EYES ONLY," or, if destruction is not feasible, to return that material to the Producing Party.

During discovery, Plaintiff produced over 70,000 text messages and hundreds of emails between her and AC, virtually all of which relate to their lawsuits against Mr. Rees.[2] The messages show that Plaintiff and AC were in near-daily contact between August 2023 and early 2026, exchanging an average of roughly 75 messages per day about Defendant and the various litigations they have brought, or contemplated bringing, against him. Plaintiff also produced multiple recordings of phone calls between Plaintiff and AC, some exceeding two hours, and at least 6,000 images, documents and videos exchanged between them. In essence, discovery demonstrated that Plaintiff and AC effectively acted as a team to bring their lawsuits against Mr. Rees. They coordinated their respective litigations, shared information, strategies and material and provided each other with extensive advice and assistance to bring and litigate their claims against Mr. Rees.

The material that counsel would be required to destroy pursuant to the Protective Order includes documents that are, on their face, highly relevant to the AC Lawsuit. They include many of the communications between the Plaintiff and AC, admissions by AC to Plaintiff of crimes and fraud that AC perpetrated against Mr. Rees (including shooting at him with a rifle and bringing a false family court proceeding against him), recordings of conversations between Plaintiff and AC concerning Mr. Rees (secretly recorded by Plaintiff), documents exchanged between Plaintiff and AC in connection with their respective claims, and deposition testimony taken in this matter concerning AC.

It would also include documents that may become relevant in the AC Lawsuit should it proceed to trial. Plaintiff would almost certainly be a witness in such a trial given her extensive and years-long involvement with AC's claims. The documents we would be required to destroy would include documents that could be used to impeach Plaintiff, such as doctored and false invoices Plaintiff created to exaggerate her damages, documents relating to fraud by Plaintiff in obtaining government benefits, documents showing that Plaintiff made material misrepresentations about the management of her businesses and documents showing that even after learning of AC's criminal and fraudulent conduct, Plaintiff continued to assist AC in pursuing her claims against Mr. Rees.

Furthermore, at present, it is not possible to identify precisely what claims AC intends to pursue in the AC Lawsuit. AC has amended her complaint three times already, and her request to amend it yet again is *sub judice*. Given that each of AC's pleadings filed to date has redrawn the factual allegations and claims at issue, and that further amendment remains possible, Defendant cannot yet determine which categories of Discovery Material from this Action will be relevant to the AC Lawsuit.

Plaintiff designated the vast majority of the tens of thousands of documents she produced as confidential. We have little expectation that we would be able to reacquire

---

[2] Plaintiff initially denied that she was in possession of any relevant communications with AC. She produced her communications with AC only after this Court specifically ordered her to do so.

them. AC is unlikely to provide these documents given that her text messages with Plaintiff show that she encouraged Plaintiff to hide or destroy documents in response to Mr. Rees' discovery requests. And Plaintiff, who produced many of these documents only after months of stonewalling and after being ordered to do so, is no longer under any obligation to maintain copies of them.

**Relief Sought**

To prevent the destruction of documents that are relevant to the AC Lawsuit or may become relevant to that litigation, we request that the Court modify the Protective Order to provide that our obligation to destroy or return confidential materials in our possession be stayed until the final termination of the AC Lawsuit, including all appeals. We do not seek to alter any other aspect of the Protective Order, including its restrictions on the use of confidential material in connection with another matter absent the consent of the producing party or an order of the Court. Nor does our request relate in any way to documents held by anyone other than counsel.

We would also note that Plaintiff can have little genuine interest in maintaining the confidentiality of these documents *vis-à-vis* AC. The bulk of the confidential materials that are relevant to the AC Lawsuit are communications between Plaintiff and AC herself, which are already known to AC. To the extent that other documents might be produced to AC, they could be produced subject to a protective order in the AC Lawsuit.

Based on the foregoing, Defendant respectfully requests that the Court modify Paragraph 13 of the Protective Order as follows:

> **13. Return or Destruction of Documents**. Upon final termination of this Action, including all appeals, each Party shall make reasonable efforts to destroy all Discovery Material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY EYES ONLY." The destroying Party shall notify the Producing Party when destruction under this provision is complete. If a Party is unable to destroy all Discovery Material designated as "CONFIDENTIAL" and/or "CONFIDENTIAL - ATTORNEY EYES ONLY," that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this Action, and it shall be binding on the Parties and their legal counsel in the future. <u>Notwithstanding the above, counsel for Mr. Rees may retain in their exclusive possession all Discovery Material in this Action designated "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEY EYES ONLY" pending the final termination of Doe et al. v. Rees, No. 3:24-cv-274 (MAD/ML) (N.D.N.Y.), including all appeals, at which time the obligations of this Paragraph shall apply to such material.</u>

Should the Court wish to hold a conference on this matter, we are available to do so at the Court's convenience.

Respectfully submitted,

Paul S. Hugel

cc: All counsel (via CM/ECF)